PACIFIC MUTUAL LIFE INSURANCE COMPANY v. INSURANCE
DEPARTMENT and INSURANCE COMMISSIONER OF NORTH
CAROLINA.

(Filed 24 April, 1907).

1. **Statute—Revisal, Sec. 4701—Federal Constitution.**—Section 4701,
   Revisal, is constitutional and valid, requiring the Insurance
   Commissioner to revoke, under specified conditions, the license
   of any foreign insurance company to do business in this State
   which "shall apply to have removed from the Superior Court of
   any county in this State to the United States Circuit or District
   Court any action instituted against it."

2. **Same—Action by Agent for Services.**—The statute requiring the
   Insurance Commissioner to revoke the license of any foreign
   insurance company to do business in this State which shall
   apply to have a cause removed to the United States Court
   "growing out of, or in some way connected with, some policy of
   insurance issued by the company" has no application to the
   removal of a cause wherein an agent is suing the company for
   services rendered.

APPLICATION for writ of *mandamus* to compel defendant
to reinstate plaintiff as a company licensed and entitled to
transact business in the State, tried before *Jones, J.*, at February Term, 1907, Superior Court of WAKE County.

There was judgment for plaintiff, and defendant excepted and appealed.

*Shepherd & Shepherd* and *T. C. Wooten* for plaintiff.
*Assistant Attorney-General Clement* for defendant.

HOKE, J.   On the hearing it was established, or admitted,
that the present plaintiff was a company duly licensed and
entitled to transact business in the State of North Carolina;
and, having been sued by one J. J. Rodgers, a former
agent, to recover on an open account for services rendered
by said agent for the company, the plaintiff had procured
the removal of said cause to the Circuit Court of the United
States for the Eastern District of North Carolina.

Thereupon, the license of plaintiff was revoked by the Insurance Commissioner of the State, claiming the right to do so under section 4701 of Revisal, for that plaintiff had procured the removal of said suit to the United States Circuit Court, as aforesaid.

Plaintiff then instituted the present action to compel reinstatement, contending:

1. That the statute under which the Commissioner had acted was unconstitutional.

2. That, on the facts of the present case, the statute in question did not confer on the Commissioner the power to revoke the license.

It was conceded, on the argument before us, that the statute was constitutional. There has heretofore, it seems, been some doubt about it; but, on a statute similar to this, the question was directly presented and fully considered by the Supreme Court of the United States in a recent case, and the validity of the statute was upheld. *Insurance Co. v. Prewitt,* 202 U. S., 246.

The position as to the constitutionality of the statute was, therefore, properly abandoned here.

On the second position, we are clearly of opinion that, on the facts presented, the Commissioner had no power to revoke the plaintiff's license.

The statute on this subject, after providing that insurance companies doing business in the State shall take out license, etc., enacts further, among other things, as follows (Revisal, vol. 2, sec. 4550):

"If any foreign insurance company shall apply to have removed from the Superior Court of any county in this State to the United States Circuit or District Court any action instituted against it, or shall institute any action at law or suit in equity in a United States Court against any

citizen of this State, growing out of or in any way connected with any policy of insurance issued by such insurance company, the Insurance Commissioner shall revoke its license, etc., and no new business shall be done by such company while such default or disability continues, or until its authority to do business is restored by the Commissioner."

By the express terms of the statute, the power to revoke an insurance license by reason of removal of suits on the part of the company is confined to suits "growing out of or in any way connected with any policy issued by such insurance company."

This language is too plain for construction. It is found in a section of the general insurance law, grouped with other provisions of like tenor, which indicate that the evident and primary purpose of the entire section was the protection of the policy holders; and neither the language of the section nor its spirit or purpose permits or suggests that its meaning should be so extended as to include a suit growing out of an internal quarrel between the company and a former agent as to their accounts.

In Lewis' Southerland Statutory Construction (2 Ed.), sec. 348, we find:

"The statute itself furnishes the best means of its own exposition; and if the intent of the act can be clearly ascertained from a reading of its provisions, and all its parts brought into harmony therewith, that intent will prevail without resorting to other aids of construction."

And again:

"It is beyond question the duty of courts, in construing statutes, to give effect to the intent of the law-making power and to seek that intent in every legitimate way. But first of all, in the words and language employed; and if the words are free from ambiguity or doubt, and express clearly,

plainly and distinctly the sense of the framer of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation."

And in Black on Interpretation of Laws, p. 35:

"The meaning and intention must be sought, first of all, in the language of the statute itself, for it must be presumed that the means employed by the Legislature to express its will are adequate for the purpose and do express that will correctly."

And it is only where the language is ambiguous or lacks precision or is fairly susceptible of two or more interpretations that the intended meaning must be sought by the aid of other pertinent and admissible considerations.

We think it clear, as stated, that this power to revoke plaintiff's license by reason of removal of a suit to the Federal Court, by the express language and plain meaning of the statute, is confined to suits "growing out of or in some way connected with some policy of insurance issued by the company," and that the language does not extend to or embrace the suit which was removed in the present instance. The plaintiff, therefore, is entitled to the relief demanded, and the judgment of the Court below to that effect is affirmed.

Affirmed.