## FIDELITY AND DEPOSIT COMPANY OF MARYLAND v. TAFOYA, CHAIRMAN, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW MEXICO.

No. 88. Argued January 7, 1926.—Decided March 15, 1926.

1. Where a bill for an injunction alleges that threatened action by defendant state executive officials, under a state statute as construed by them, will deprive plaintiff of rights under the Fourteenth Amendment, jurisdiction of the District Court does not depend on presence of an allegation that the statute itself is unconstitutional, since the Amendment binds the State in all its branches. P. 434.

2. A State cannot use its power to exclude a foreign corporation from local business as a means of accomplishing that which is for-

bidden to the State, such as the regulation of conduct in another jurisdiction. P. 434.

3. Section 2820, of the 1915 Code of New Mexico, as amended in 1921, which purports to make it "unlawful for any insurance company authorized to do business in New Mexico . . . . to pay, . . . . either directly or indirectly, any fee, brokerage or other emolument of any nature to any person, firm or corporation not a resident of the State of New Mexico, for the obtaining, placing or writing of any policy or policies of insurance covering risks in New Mexico," and provides that any insurance company violating it shall have its certificates of authority to do business in the State suspended for not less than one year, the suspension to be removed only upon a written pledge that the section will be observed,—*held*, unconstitutional. P. 433.

4. The repeal of this section did not render this case moot, since, in view of a provision of the state constitution that "no act of the Legislature shall affect the right or remedy of either party . . . . in any pending case," it is uncertain whether the plaintiff might not still be held liable to lose its license. P. 433.

Reversed.

APPEAL from the decree of the District Court which dismissed the bill in a suit to enjoin the State Corporation Commission of New Mexico from suspending the license of the plaintiff to do business in that State.

*Mr. Charles Markell,* with whom *Mr. C. J. Roberts* was on the brief, for appellant.

The bill specifically states the defendants' construction and application of § 2820 and denies the constitutionality of § 2820 as so construed and applied by the defendants. The defendants do not deny, on the contrary, they assert the correctness of, their construction. The lower court expressly sustained the defendants' construction of the statute and the constitutionality of the statute as so construed. The jurisdiction of the lower court and of this Court, however, does not depend upon whether the defendants construed correctly or misconstrued the statute in question. *Home Tel. & Tel. Co.* v. *Los Angeles,* 227 U. S. 278; *Raymond* v. *Chicago Tr. Co.,* 207 U. S. 20;

*Ex parte Young,* 209 U. S. 123; *Cuyahoga Power. Co.* v. *Akron,* 240 U. S. 462; *Meyer* v. *Nebraska,* 262 U. S. 390; *Terral* v. *Burke Co.,* 257 U. S. 529; *Herndon* v. *C. R. I. & P. Ry. Co.,* 218 U. S. 135; *Harrison* v. *St. L. & S. F. R. R.,* 232 U. S. 318; *Wisconsin* v. *P. & R. Coal Co.,* 241 U. S. 329; *Adams* v. *Tanner,* 244 U. S. 590; *Terrace* v. *Thompson,* 263 U. S. 197.

The State of New Mexico cannot constitutionally revoke a foreign corporation's license to do business for the sole reason that the corporation has exercised a constitutional right, e. g., a right guaranteed it by the due process clause of the Fourteenth Amendment. *Doyle* v. *Cont. Ins. Co.,* 94 U. S. 535; *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1; *Pullman Co.* v. *Kansas,* 216 U. S. 56; *Ludwig* v. *Western Union Tel. Co.,* 216 U. S. 146; *Terral* v. *Burke Co.,* 257 U. S. 529; *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Ins. Co.* v. *French,* 18 How. 404. The "constitutionality of unconstitutional conditions" was not involved in *Paul* v. *Virginia,* 8 Wall. 168. The principle of *Lafayette Insurance Co.* v. *French,* 18 How. 404, followed and applied in *Insurance Co.* v. *Morse,* 20 Wall. 445, was not shaken or qualified by any decision of this Court prior to *Doyle* v. *Cont. Ins. Co.,* 94 U. S. 535. The *Doyle Case* was expressly reaffirmed in *Security Mut. Life Ins. Co.* v. *Prewitt,* 202 U. S. 246. It was in effect overruled within four years by the cases of *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1; *Pullman Co.* v. *Kansas,* 216 U. S. 56; and *Ludwig* v. *Western Union Tel. Co.,* 216 U. S. 146; and has never been revived. In *Terral* v. *Burke Const. Co.,* 257 U. S. 529, the *Doyle* and *Prewitt* cases were expressly declared to have been overruled. The recent cases from *Western Union Tel. Co.* v. *Kansas* to *Terral* v. *Burke Const. Co.,* have by necessary implication overruled all other earlier cases consistent with the *Doyle* and *Prewitt* cases and inconsistent with this later line of cases. The decisions and opinions of this Court in

these Kansas cases in effect necessarily overruled the *Doyle* and *Prewitt* cases and the *Horn Silver Mining Company Case,* 143 U. S. 305, though the majority opinions did not expressly so state.

The right of the foreign corporation under the due process clause is no more, and certainly no less, sacred than rights under the commerce clause, the right of removal to a federal court, or other constitutional rights. *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68; *Herndon* v. *C. R. I. & P. Ry.,* 218 U. S. 135; *Harrison* v. *St. L. & S. F. R. R.,* 232 U. S. 318; *New York Life Ins. Co.* v. *Head,* 234 U. S. 149; *Looney* v. *Crane Co.,* 245 U. S. 178; *Int. Paper Co.* v. *Massachusetts,* 246 U. S. 135; *N. Y. Life Ins. Co.* v. *Dodge,* 246 U. S. 357; *Western Union Tel. Co.* v. *Foster,* 247 U. S. 105; *Frick* v. *Pennsylvania,* 268 U. S. 473; *Natl. Ins. Co.* v. *Wanberg,* 260 U. S. 71; *Terral* v. *Const. Co.,* 257 U. S. 529. The State cannot (consistently with due process of law) regulate or prohibit anything done outside New Mexico by a foreign corporation, e. g., payment of commissions or other " wages " to insurance agents outside New Mexico for services rendered outside New Mexico. The State cannot fix—still less prohibit—commissions or other " wages " of insurance agents anywhere, within New Mexico or outside New Mexico. Even if the State possessed both of these powers, it could not (without denying the plaintiff the equal protection of the laws) exercise them in such a way as to prohibit payment of commissions to agents in other States for lawful services rendered in other States by them, or to require payment of commissions to agents in New Mexico for services not rendered by them.

*Mr. Milton J. Helmick* for appellees.

The defendants from the beginning questioned the jurisdiction of the federal court to entertain complainant's bill on the ground that this is a suit against the

-State. Nowhere is it alleged that the statutes in question are unconstitutional, but, on the contrary, the appellant alleges that the constructions given the statutes by the various state officers are the things which are invalid and of which appellant complains. It is axiomatic that such an attempted action is abortive and is in fact an attempted action against the State. *Harkrader* v. *Wadley*, 172 U. S. 148; *Arbuckle* v. *Blackburn*, 113 Fed. 616. While there is in the bill no direct concession that the statute itself is valid, yet the failure to allege its invalidity and the fact that appellant bases its complaint solely and exclusively upon the construction given the statute by the various state officers is, of course, tantamount to a concession of the validity of the statute. It is too clear for argument that a suit against an officer of the State to enjoin him from instituting prosecutions under a state statute on the ground that he is proceeding under an erroneous construction of the law which would render it invalid and in violation of the Constitution of the United States, is one, in effect against the State, of which a federal court is denied jurisdiction by the Eleventh Amendment to the Constitution.

The State has the right to regulate foreign insurance companies. The courts which have had occasion to apply the *Terral Case*, 257 U. S. 529, have almost all confined its application to the proposition that a State can not interfere with the jurisdiction of a federal court. *Central Union Fire Ins. Co.* v. *Kelly*, 282 Fed. 772; *C. M. & St. P. Ry.* v. *Schendel*, 292 Fed. 326; *Maxwell* v. *Hicks*, 294 Fed. 254; *Twohy Bros. Co.* v. *Kennedy*, 295 Fed. 462 (dissenting opinion); *Foy & Shemwell* v. *Georgia-Alabama Power Co.*, 298 Fed. 643. Several cases are to be found where it is baldly stated that no State can deprive a foreign corporation of a constitutional right as a condition precedent to doing business within the State.

It may be suggested that perhaps a limited application of the rule stated in the *Terral Case*, is deducible from the

citation of *Paul* v. *Virginia,* 8 Wall. 168 and *Hooper* v. *California,* 155 U. S. 648, with approval, in the case of *National Union Fire Ins. Co.* v. *Wanberg,* 260 U. S. 71. If the rule of the *Terral Case* is to be extended to include every constitutional right, as appellant contends, then it seems likely that the application of the " equal protection of the laws " clause of the Constitution will create a perfect parity between foreign and domestic corporations resulting in the complete abrogation of the power of the States to regulate foreign corporations as such. *Cf. Commonwealth* v. *Nutting,* 175 Mass. 154.

The New Mexico statutes involved in this appeal do not in fact require the surrender of any constitutional right. At least twenty-seven States have resident agent laws containing compensation features similar to the New Mexico provision. It has long since been settled that a State, acting under its power to regulate the insurance business, may require a foreign insurance company doing business in the State to maintain a resident agent within its borders. The reason is not hard to discover. A responsible authorized local person must represent the company and execute its policies as a protection against fraudulent and worthless contracts. Moreover, in case of loss, change in rate of premium, mistake in the policy or bond, transfer of policy, change in risk, and the like, it is imperative that the citizen have access to some *bona fide* representative of the company with power to act, and bind his principal.

If the State possesses the power to insist upon a resident agent, it likewise possesses the power to make sure that he be a *bona fide* agent, and not a mere dummy or pretended agent. Probably the statutes in question do nothing more than define a *bona fide* resident agent, i. e., one who receives the commissions on business placed in the State. This requirement is not for the economic ad-

vantage of the agent, but for the benefit of the public. Other States impose the requirement in their resident agent laws that the agent shall maintain his principal office within the State, as in New Jersey. It is a provision in aid of the law for the purpose of making sure the agent shall be a *bona fide* one. The New Jersey law, like the New Mexico law, in a measure defines what a resident agent must be,—in New Jersey he must be a man who actually has his principal office within the State, while in New Mexico he must be a man who collects the commission on the premium. Without these two salutary provisions, it would doubtless turn out that the so-called resident agents of New Jersey would be New Yorkers and the so-called resident agents of New Mexico mere figure heads who would countersign insurance policies and bonds at so much a signature. The issue, then, as appellees view it, resolves itself into this query; Granting that the State has a right to insist upon a resident insurance agent, can the State make such other reasonable requirements to insure that such resident agent shall be a *bona fide* one? The compensation requirement of the New Mexico statute is a fair means of insuring a *bona fide* resident agent and enforcing the law as a whole by rendering it impossible for the insurance company to circumvent the requirement by means of a mere dummy agent. *Commonwealth* v. *Cutting,* 175 Mass. 154; *Ferguson* v. *Tuttle,* 112 Atl. 596.

Mr. Justice Holmes delivered the opinion of the Court.

This is a bill in equity brought to prevent the State Corporation Commission of New Mexico from suspending the right of the plaintiff to do business in that State. A final decree was entered by which it was declared that the defendants intend to suspend that right " for the sole

reason that the plaintiff has made payments to its agents in states other than New Mexico in connection with the procurement of business made, written and placed by the plaintiff in New Mexico "; that such payments are unlawful by virtue of § 2820 of the New Mexico Code of 1915, as amended by Chapter 195 of the Laws of 1921, and that the section, so far as it makes such payments unlawful and authorizes the suspension because of this, is constitutional. On this ground the bill was dismissed. The plaintiffs, contending that the statute as construed and applied is contrary to the Fourteenth Amendment, appealed to this Court.

The statute in question, § 2820 of the Code of 1915 as amended in 1921, purports to make it "unlawful for any insurance company authorized to do business in New Mexico . . . to pay, . . . either directly or indirectly, any fee, brokerage or other emolument of any nature to any person, firm or corporation not a resident of the State of New Mexico, for the obtaining, placing or writing of any policy or policies of insurance covering risks in New Mexico. Any insurance company violating this section shall have its certificates of authority to do business in the State suspended for not less than one year "—the suspension to be removed only upon a written pledge that the section will be observed. This section has been repealed by an act of 1925, which substitutes the more moderate requirement that the policy must be delivered, the premium collected and the full commission retained by an agent in New Mexico, with authority to that agent to employ a licensed non-resident broker to collect the premiums, &c., and to pay him within limits. The question has been suggested whether this repeal does not require us to dismiss the case. But the Constitution of New Mexico provides that 'no act of the Legislature shall affect the right or remedy of either party . . . in any pending case.' It is at least

possible that the state courts might hold that the plaintiff was still liable to lose its license on the old ground. Therefore it seems to us just that we should proceed to deal with the further questions raised, as both parties desire.

It is suggested that the District Court had no jurisdiction because the bill does not allege that the statute is unconstitutional, but only that the statute as construed and applied by the defendants is so. But even if the statute did not plainly purport to justify and require the threatened action, or if the bill fairly taken did not import a denial of the constitutionality of the law as applied to this case, the plaintiff still would be entitled to come into a Court of the United States to prevent such an alleged violation of its constitutional rights. *Raymond* v. *Chicago Traction Co.*, 207 U. S. 20. *Home Telephone & Telegraph Co.* v. *Los Angeles*, 227 U. S. 278. *Cuyahoga River Power Co.* v. *Akron*, 240 U. S. 462.

Coming then to the merits, we assume in favor of the defendants that the State has the power and constitutional right arbitrarily to exclude the plaintiff without other reason than that such is its will. But it has been held a great many times that the most absolute seeming rights are qualified, and in some circumstances become wrong. One of the most frequently recurring instances is when the so-called right is used as part of a scheme to accomplish a forbidden result. *Frick* v. *Pennsylvania,* 268 U. S. 473. *American Bank & Trust Co.* v. *Federal Reserve Bank of Atlanta*, 256 U. S. 350, 358. *Badders* v. *United States*, 240 U. S. 391, 394. *United States* v. *Reading Co.*, 226 U. S. 324, 357. Thus the right to exclude a foreign corporation cannot be used to prevent it from resorting to a federal court, *Terral* v. *Burke Construction Co.*, 257 U. S. 529; or to tax it upon property that by established principles the State has no power to tax, *Western Union Telegraph Co.* v. *Kansas*, 216 U. S. 1, and

other cases in the same volume and later that have followed it; or to interfere with interstate commerce, *Sioux Remedy Co.* v. *Cope,* 235 U. S. 107, 203; *Looney* v. *Crane Co.,* 245 U. S. 178, 188. *Western Union Telegraph Co.* v. *Foster,* 247 U. S. 105, 114. A State cannot regulate the conduct of a foreign railroad corporation in another jurisdiction, even though the Company has tracks and does business in the State making the attempt. *New York, Lake Erie & Western R. R. Co.* v. *Pennsylvania,* 153 U. S. 628, 646.

The case last cited was one of an attempt to regulate the corporation's payments in another State. By the same principle on even stronger grounds the corporation cannot be prevented from employing and paying those whom it needs for its business outside the State. The difficulty was fully appreciated by the counsel for the appellee and he therefore sought to limit the generality of the words, at least in the case of agents, and to make out that the object was to prevent the use of dummy agents in the State. It was suggested that agents were paid by commissions at well known conventional rates, and that the statute meant to forbid the dividing of these commissions, and in that way to prevent the work being done and paid for elsewhere, while nominal agents in New Mexico were paid small sums for the use of their names. In short, it is said the purpose was to secure responsible men to represent the Company on the spot. But, whether such an interpretation would save the act or not, it is impossible to limit it in that way. It forbids the payment of any emolument of any nature to any person for the obtaining, placing or writing of any policy covering risks in New Mexico. The words go beyond any legitimate interest of the State, and although the decree is based only on payments to agents it does not declare that the payments thus made prevented the payment of appropriate commissions to the agents in the State nor does the statute limit its prohibition in that way.

The determination of the Commission to suspend the plaintiff purported to be based upon a letter written by it in reply to a notice. In this letter it appeared only that agents or branch offices in other States were paid for services of value by commission on such basis as was agreed upon outside of New Mexico, but not that there was in any case a deduction from appropriate commissions inside the State. The threat and the decree, therefore, test the validity of the statute in its extreme application and furnish no ground for an attempt to read it as meaning less than it says. See further *Palmetto Fire Insurance Co.* v. *Beha*, 13 Fed. (2d) 500; *St. Louis Compress Co.* v. *Arkansas*, 260 U. S. 346.

*Decree reversed.*

The separate opinion of Mr. Justice McReynolds.

This cause was begun January 8, 1924. Defendants were the members of the State Corporation Commission and the Bank Examiner. Section 2814, Code of New Mexico, 1915, forbade the carrying on of business within the State by any insurance company " unless it shall procure from the Superintendent of Insurance a certificate stating that the requirements of the laws of this State have been complied with and authorizing it to do business." These certificates expired annually on the last day of February. In 1921 the powers and duties of the Superintendent of Insurance were transferred to the Bank Examiner under general control and supervision of the Corporation Commission.

Section 2820 of the Code, as amended, provided that no foreign insurance company shall transact business in the State except through duly appointed resident agents; declared it unlawful to pay any emolument to a nonresident for obtaining policies covering risks therein; and authorized the exclusion of any company which failed to observe this inhibition.

The bill alleges that, although the complainant had been duly licensed to transact business in New Mexico for many years, defendants were threatening to suspend the license therefor because of supposed violations of § 2820. It asks a decree declaring that section unconstitutional insofar as payments to nonresidents for procuring insurance were prohibited; and that defendants be restrained from attempting to revoke or refusing to renew the license certificate.

The act effective March 20, 1925, codified the insurance laws of the State; expressly repealed former statutes regulating the business; transferred the powers of the Bank Examiner to the Corporation Commission, and charged the Superintendent of the Department of Insurance with general administration of the law. It sets up an entirely new system of control and contains no provision concerning payments to outside agents like the one challenged by complainant. It provides: "Upon the application of any insurance company for a license to transact an insurance business in the State of New Mexico, the Superintendent shall immediately satisfy himself that the said company . . . has . . . complied with all the . . . requirements of this Act, and shall thereupon be obligated to issue a license to the said company authorizing it to transact the forms of insurance permitted under its articles of incorporation and authorized under this Act for any one insurance company to transact."

The bill questions the validity of a statute which was repealed in 1925. There is no effective remedy which this or any other court can now grant under its allegations and prayers. The cause has become moot and should be treated accordingly.

MR. JUSTICE BRANDEIS and MR. JUSTICE SANFORD concur in this opinion.