**SMELKER et al. v. SCOTT, Ins. Com'r.**
**(No. 848–4569.)**

(Commission of Appeals of Texas, Section A. Dec. 8, 1926.)

1. **Insurance ⬡⟿22—Nonresident insurance corporation is not prohibited from paying compensation to nonresident agent issuing policy on Texas property through regularly licensed Texas agent (Rev. St. 1925, arts. 5058, 5060).**

Rev. St. 1911, arts. 4963, 4965 (Rev. St. 1925, arts. 5058, 5060), does not prohibit foreign insurance corporation licensed to do business in Texas from paying compensation in another state to nonresident agent under contract made outside of Texas for insurance issued through regularly commissioned and licensed Texas agent.

2. **Constitutional law ⬡⟿296(2)—Insurance ⬡⟿ 4—Statute, if forbidding foreign insurance corporation to pay nonresident agent at residence under foreign-made contract, would deny due process (Rev. St. 1925, arts. 5058, 5060; Const. U. S. Amend. 14).**

Rev. St. 1911, arts. 4963, 4965 (Rev. St. 1925, arts. 5058, 5060), prohibiting insurance companies from allowing nonresidents to issue policies on property in state except through licensed agents in state, cannot be construed to prohibit payment of compensation in another state by nonresident corporation to nonresident agent under contract made outside state, since to do so would render it violative under Const. U. S. Amend. 14.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by T. V. Smelker and others against John M. Scott, Commissioner of Insurance. Judgment of district court granting an injunction was reversed and rendered by Court of Civil Appeals (280 S. W. 297), and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiffs in error.

Dan Moody, Atty. Gen., and R. B. Cousins, Jr., Asst. Atty. Gen., for defendant in error.

NICKELS, J. A judgment restraining the commissioner from enforcing an order made by him and affecting plaintiffs in error and others similiarly situated was reversed, and a judgment was rendered against them by the honorable Court of Civil Appeals. 280 S. W. 297. Writ of error was allowed upon assignments presenting alleged error in the construction given articles 4963 and 4965, R. S. 1911 (articles 5058 and 5060, R. S. 1925), and, alternatively, asserting unconstitutionality for these statutes so construed. For a more complete statement of the case, we make reference to the opinion of the Court of Civil Appeals.

[1] We are unable to agree to the interpre-

tation given to the statutes by the honorable Court of Civil Appeals. According to its literalism, article 4963 does no more than undertake to prohibit a corporation "legally authorized to do business in this state" from permitting a nonresident agent "to issue, or cause to be issued, to sign or countersign, or to deliver or cause to be delivered" a policy of insurance upon property located in Texas (except common carrier property) unless the issuance, delivery, etc., be effected "through regularly commissioned and licensed" resident agents. There is here, it will be noted, no direct reference to the matter of the fee, commission, or other compensation to be paid to or contracted for the nonresident agent who acts within the impliedly permitted range; and certainly there is no expressed prohibition against payment of compensation to the nonresident agent who may "issue or cause to be issued" or "deliver or cause to be delivered," etc., such a policy "through a regularly commissioned and licensed" Texas agent.

So in article 4965 there is an absence of such a reference or prohibition. The terms of the statute, so far at least as the terms are expressed, are directed against Texas agents ("licensed by the commissioner") and not against foreign insurance corporations having permits to do business in the state. What is there prohibited may be thus stated: A Texas agent must not "directly or indirectly" pay "any commission, brokerage or other valuable consideration on account of any policy or policies covering property, * * * in the state of Texas" to any nonresident (or to any resident who is not "duly licensed by the commissioner * * * as a fire insurance agent"). It is plain, we think, that compensation paid in another state by a nonresident corporation to a nonresident agent under a contract made outside of Texas is not within the subject-matter of the statute's inhibitive words.

[2] Yet in the language of the two articles must be found whatever warrant there is for the commissioner's order. And, notwithstanding the absence of direct prohibitions against the foreign companies themselves in that language the order runs against them and decrees that payment by them of compensation to nonresidents of Texas for the services performed outside of Texas is forbidden upon penalty, declared therein, of having the licenses of the guilty parties, including the corporations, "revoked," etc. If the statutes did contain grant of authority for the order, it seems to us they would operate extraterritorially and thus plainly in violation of the Fourteenth Amendment. Fidelity & Deposit Company of Maryland v. Tafeya et al., 270 U. S. 426, 46 Sup. Ct. 331, 70 L. Ed. 664. In the case cited a New Mexico statute, in which was embodied in ex-

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pressed terms, it seems to us, the meaning which through implication the Court of Civil Appeals gave to articles 4963 and 4965, and which is sought to be carried into effect in the commissioner's order, was held to be inoperative. We cannot attribute to the Legislature the purpose to do an unconstitutional thing in the absence of terms employed by it plainly evidencing that intent; hence, we cannot by implication write into the statutes in question a meaning which is not expressed, but which would be essential to an attempted grant of authority for the order. Because these statutes do not prohibit the things forbidden by the commissioner, and because of the outstanding threats evidenced by the order, we hold the trial court's judgment to be correct.

Accordingly, we recommend reversal of the judgment of the Court of Civil Appeals and affirmance of that of the district court.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.