CLYDE V. RHODES AND BROADUS RHODES v. NEW YORK LIFE
INSURANCE COMPANY.

(Filed 12 June, 1929.)

**Removal of Causes A a—Statutory restraint on right to removal unconstitutional and void.**

A nonresident insurance company has the right to remove a suit brought against it from the State to the Federal Court under the Federal removal statute, and the State statute, C. S., 6295, providing that upon its attempt to do so the insurance commissioner shall revoke its right to do business in this State is unconstitutional in this respect, and the right to removal obtains notwithstanding that under the statute the company has filed an application to do business in the State waiving its right to removal.

CIVIL ACTION, before *McElroy, J.*, at April Term, 1929, of JACKSON.

Plaintiffs alleged that on 9 October, 1928, the defendant executed and delivered to Jessie C. Rhodes a life insurance policy in which the plaintiffs were named as beneficiaries; that said policy contained a provision that if the insured should die as the result of accidental means and within ninety days after receiving such injury, the defendant would pay to the plaintiffs double the face value of said policy, to wit, $10,000.

It was further alleged that on 5 November, 1928, while said policy was in force, the insured, while handling a pistol, "permitted the same to be accidentally discharged, and by reason thereof caused the death of said Jessie C. Rhodes," the insured.

Thereupon the plaintiffs instituted this action against the defendant to recover the sum of $10,000.

In apt time the defendant filed a petition for removal to the Federal Court, alleging that the defendant was a nonresident of the State of North Carolina.

The plaintiffs filed a reply to the petition for removal, alleging in substance that on 8 April, 1901, the defendant had filed an application to transact business in the State of North Carolina, in which said application the following language appeared: "And said company hereby agrees that suits commenced in the State courts of North Carolina against it shall not be removed by the acts of said company into the United States Circuit or District courts, and that said company will not institute any action or suit in equity in the United States Court against any citizen of North Carolina, growing out of or in any way connected with any policy issued by said company."

The clerk of the Superior Court of Jackson County denied the motion to remove the cause to the Federal Court, and upon appeal to the judge of the Superior Court the order of the clerk was reversed, and the cause removed from the Superior Court of Jackson County to the District Court of the United States for the Western District of North Carolina, from which order of removal the plaintiffs appealed.

*A. S. Patterson and Morgan, Ward & Stamey for plaintiffs.*
*Manly, Hendren & Womble and S. J. Black for defendant.*

BROGDEN, J. Is a foreign life insurance company, permitted to transact business in North Carolina by complying with the insurance law, precluded by C. S., 6295, from filing a petition for removal in a pending suit?

On 8 April, 1901, the defendant filed an application to transact business in the State of North Carolina in accordance with the insurance law then in force. The application stated: "And said company hereby agrees that suits commenced in the State courts of North Carolina against it shall not be removed by the acts of said company into the United States Circuit or District courts," etc. This language in the application was designed to comply with the provisions of the statute. C. S., 6295, provides that if any foreign life insurance company shall undertake to remove a pending suit to the Federal Court that the Insurance Commissioner shall revoke the authority to transact business in this State. The statute was construed in the case of *Insurance Co. v. Commissioner,* 144 N. C., 442, 57 S. E., 120, and held constitutional. The decision was planted squarely upon the authority of *Insurance Co. v. Prewitt,* 202 U. S., 246, 50 L. Ed., 1013. However, the *Prewitt case* was expressly overruled in *Terral v. Burke Construction Co.,* 257 U. S., 529, 66 L. Ed., 352. *Chief Justice Taft,* writing for the Court, said: "The principle established by the more recent decisions of this Court is that a state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver

HEMPHILL v. OIL COMPANY.

of the exercise of such right, whether waived in advance or not. The principle does not depend for its application on the character of the business the corporation does, whether state or interstate, although that has been suggested as a distinction in some cases. It rests on the ground that the Federal Constitution confers upon citizens of one state the right to resort to Federal Courts in another; that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of right thus secured, is void because the sovereign power of a state in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law." *Fidelity & Deposit Co., v. Tafoya,* 270 U. S., 426, 70 L. Ed., 664; *Frost v. R. R. Commission,* 271 U. S., 583, 70 L. Ed., 1101; *Hanover Fire Ins. Co. v. Carr,* 272 U. S., 494, 21 A. L. R., 188.

It is clear therefore that the removal provisions of C. S., 6295, is unconstitutional and void. Hence the defendant had a right to remove the case, and the judgment of the Superior Court is
Affirmed.