In the Matter of the Application of FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA, OF PROVIDENCE, RHODE ISLAND, Petitioner, for a Certiorari Order to THOMAS F. BEHAN, as Acting Superintendent of Insurance of the State of New York, Respondent.

Third Department, November 18, 1931.

*Rumsey & Morgan [Louis J. Wolff, Felix Hebert* and *David Rumsey* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General [Harold Greenstein, Deputy Assistant Attorney-General,* of counsel], for the respondent.

HINMAN, J. This is a certiorari proceeding to review a determination of the Superintendent of Insurance of the State of New York, made upon the application of the petitioner, a Rhode Island mutual casualty insurance company, to transact business in New York State. The Superintendent refused to grant the license, and review of the ruling is here sought upon the ground that the sole reason assigned by the Superintendent for refusal involves a deprivation of petitioner's rights under the Federal Constitution.

The ruling of the Superintendent, presented in the form of a letter, was as follows: " I very much regret that I cannot see my way clear to authorize this company to transact business in this State as long as it issues both assessable and non-assessable policies. As you know, mutual automobile liability insurance companies of this State must issue assessable policies in every State in which they transact business and it would appear that if the company you represent were to be admitted to this State, writing both assessable and non-assessable policies, it would appear to mutual companies here, writing automobile liability insurance, as a discrimination against them. Hence, I am constrained to disapprove of this company's application at the present time."

Under its Rhode Island charter the petitioner is authorized to issue non-assessable policies if and when it shall have and maintain a guaranty fund of not less than $250,000 and a surplus over all liabilities of not less than $300,000. It has such a guaranty and surplus. It has a surplus of nearly $2,000,000. Although its charter authorizes it to transact various kinds of insurance, the

petitioner has limited its activity to that of automobile insurance and has filed with its application for New York license an agreement to confine its New York business to the issuance of assessable policies only. The disagreement is with reference to the writing of non-assessable policies by petitioner in other States. Such is the discrimination against New York companies which the Superintendent must have had in mind. It is our interpretation that no other reason for refusal of the license was assigned.

The sole point requiring our attention on this review is that relied upon by respondent in his brief in which he asserts: " The State of New York in its sovereign power has the right to exclude foreign insurance companies from doing business within this State unless they comply with the laws of this State, no matter where they may be doing business." We assume that counsel for respondent represents the attitude of the Superintendent of Insurance in his disposition of this application when it is asserted as a proposition of law that the Superintendent " has the right to lay down the conditions under which he will permit an insurance company to do business in this State, and unless those conditions are complied with, a foreign insurance company cannot do business in this State." This seems to raise the direct question whether the right to exclude a foreign corporation may be used to control petitioner's business in other States by way of condition imposed.

It has been settled that a State cannot use its power to exclude a foreign insurance corporation from local business as a means of accomplishing that which is forbidden to the State, such as the regulation of conduct in another jurisdiction. (*Fidelity & Deposit Co.* v. *Tafoya*, 270 U. S. 426, 434.) (See, also, *Hanover Ins. Co.* v. *Harding*, 272 U. S. 494, 507; *St. Louis Compress Co.* v. *Arkansas*, 260 id. 346, 349; *New York Life Ins. Co.* v. *Head*, 234 id. 149, 163.) In *Hanover Ins. Co.* v. *Harding* (*supra*, at p. 507) the United States Supreme Court said: " It was settled in the *Bank of Augusta* v. *Earle*, 13 Pet. 519; *Paul* v. *Virginia*, 8 Wall. 168; *Ducat* v. *Chicago*, 10 Wall. 410, and *Horn Silver Mining Company* v. *New York*, 143 U. S. 305, that foreign corporations cannot do business in a State except by the consent of the State; that the State may exclude them arbitrarily or impose such conditions as it will upon their engaging in business within its jurisdiction. But there is a very important qualification to this power of the State, the recognition and enforcement of which are shown in a number of decisions of recent years. That qualification is, that the State may not exact as a condition of the corporation's engaging in business within its limits that its rights secured to it by the Constitution of the United States may be infringed." Illustrations follow in the opinion,

which need not be detailed. It is sufficient to say that the case of *Fidelity & Deposit Co.* v. *Tafoya* (*supra*) seems to be exactly in point.

We hold that the ruling of the Superintendent cannot be sustained on the basis assigned by him. We do not pass upon the question of his right to exercise a broad discretionary power to exclude the petitioner under section 9 of the Insurance Law (as amd. by Laws of 1927, chap. 164), for the reason that we think that question is not here. It is our judgment that he did not purport to act under that power.

The determination should be annulled and the matter should be remitted to the Superintendent of Insurance for such further or other disposition as he may think proper, not inconsistent with this opinion.

All concur.

Determination annulled and matter remitted to the Superintendent of Insurance for such further or other disposition as he may think proper, not inconsistent with the opinion.