Fern S. HASEK, Plaintiff,

v.

CERTAIN LLOYD'S UNDERWRITERS subscribing to Certificate A–6364 represented herein by Edward Betts Graham, one of said Underwriters, Defendants.

No. 14603–2.

United States District Court
W. D. Missouri, W. D.

Oct. 23, 1963.

Brenner, Ewing, Lockwood & O'Neal, Kansas City, Mo., for plaintiff.

Morrison, Hecker, Cozad & Morrison, Kansas City, Mo., for defendants.

GIBSON, Chief Judge.

This is an action brought on a policy of life insurance, and for vexatious delay with attendant attorney's fees. The case was originally filed in the Circuit Court of Jackson County, Missouri, and was removed to this Court by the defendant on the basis of diversity of citizenship and an amount in controversy in excess of $10,000.00.

Plaintiff has now made a motion to remand the case to the Circuit Court of Jackson County, basing its contention on the following provision of the policy:

"5. It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court."

The policy was taken out on the life of plaintiff's husband and named the plaintiff as beneficiary. Plaintiff's husband is now deceased, and plaintiff seeks to collect the proceeds of the insurance. Plaintiff contends that the provision in the policy that the defendant will submit to the jurisdiction of any court should be interpreted to mean that since plaintiff has chosen the Circuit Court of Jackson County, admittedly a court of competent jurisdiction, as her forum, the defendant is precluded from removing the cause to this Court.

The Court is not in agreement with the interpretation advanced by the plaintiff, and even if it were, the agreement could not be given the effect of limiting the jurisdiction of this Court. The better interpretation of the policy provision would seem to be that the defendant would submit to the jurisdiction of a court of competent jurisdiction, but would not submit to the jurisdiction of a tribunal which was not competent to hear the cause. If the interpretation of plaintiff were to be followed, it would have the effect of eliminating jurisdiction

of the federal courts unless the plaintiff chose to initiate her action in the federal system rather than the state system. At this late date it seems beyond question that parties cannot unreasonably by contract limit the jurisdiction of the federal courts to hear cases or controversies in which there is the requisite diversity of citizenship and jurisdictional amount. William H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806 (2d Cir.1955), United Fuel Gas Co. v. Columbian Fuel Corp., 165 F.2d 746 (4th Cir.1948), Restatement, Contracts § 558 (1932), Williston, Contracts § 1725 (6th Ed.), Cyclopedia of Federal Procedure, § 2.451 (3d Ed.1951). The Court is of the opinion that to give the policy the interpretation urged by plaintiff would be an unreasonable limitation of jurisdiction, and that such a provision would be void.

For the foregoing reasons the motion of plaintiff to remand is overruled.

It is so ordered.