**Andrew A. EUZZINO, Plaintiff,**

*v.*

**The LONDON & EDINBURGH INSURANCE COMPANY Limited, Defendant.**

**No. 64 C 231.**

United States District Court
N. D. Illinois, E. D.
March 31, 1964.

Richard J. Brennan, Winston, Strawn, Smith & Patterson, Chicago, Ill., for plaintiff.

Paul H. Heineke, William H. Schrader and J. William Cuncannan, Heineke, Conklin & Schrader, Chicago, Ill., for defendant.

WILL, District Judge.

Plaintiff Andrew A. Euzzino, an Illinois citizen, has moved to remand this action to the Circuit Court of Cook County. The cause was originally brought in that court in January, 1954. Defendant, The London & Edinburgh Insurance Company Limited, a British corporation, which has its principal place of business in Great Britain and which is authorized to sell insurance in Illinois, removed the action to this Court. The amount in controversy exceeds $10,000 exclusive of interest and costs.

In his complaint, plaintiff alleges that he is the insured under a policy issued by defendant which policy covered, *inter alia*, theft of certain property, that $39,575.00 of such insured property was stolen in January, 1963, that he complied with all provisions of the policy as to presenting claims and furnishing due proof of loss, but that defendant refuses to reimburse him for the loss.

As the basis for his motion to remand, plaintiff contends that the policy obligates defendant to submit itself to the jurisdiction of any court of competent jurisdiction, state or federal, which plaintiff selects and to have the controversy determined in accordance with the law and practice of that court. The applicable policy provisions are as follows:

> "It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Assured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

> "It is further agreed that * * * in any suit instituted against it upon this contract, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal."

Defendant concedes that the Circuit Court of Cook County is a court of competent jurisdiction but contends that, properly interpreted, the foregoing language does not constitute a waiver by it of any rights of removal it might otherwise have and, further, that if the provision is construed to be such a waiver, it is invalid.

While the provisions of the policy are not entirely free from doubt, giving effect to all of the language utilized, it seems clear that the defendant-insurer agreed to litigate disputes under the policy in any court of competent jurisdiction selected by the plaintiff-assured. If the insurer, which drafted the policy, had intended merely to agree to litigate disputes under the policy in any appropriate United States forum, the policy need simply have read, " * * * the Company will submit to the jurisdiction of any court of competent jurisdiction in the United States * * *."

The insurer, however, chose to add the words "at the request of the Assured" and references to (1) complying "with all requirements necessary to give *such* Court jurisdiction", (2) having all matters "determined in accordance with the law and practice of *such* court", and (3) agreeing to "abide by the final decision of *such* Court". The "such court" in each instance is the court of competent jurisdiction selected by the Assured. Unless all of these provisions are to be deemed mere surplusage, the conclusion is unavoidable that the policy accords to the assured the right to choose the court of competent jurisdiction in which disputes are to be determined.

This conclusion was also reached in General Phoenix Corp. v. Malyon, 88 F. Supp. 502 (S.D.N.Y.1949), where it was held that the defendant, by entering into a contract which contained the identical provisions as those in the instant policy, waived his right to remove the litigation to a federal court from the state court selected by the plaintiff. The court stated that the contract provision "restricts the defendant to the Court in which suit is first begun against it, be it Federal or State." Id. 88 F.Supp. at 503.

■■ Defendant urges that such an interpretation is inconsistent with the following principle enunciated in § 558 of the Restatement of Contracts:

> "A bargain to forego a privilege, that otherwise would exist, to litigate in a Federal Court rather than in a State Court, or in a State Court rather than in a Federal Court, or otherwise to limit unreasonably the tribunal to which resort may be had for the enforcement of a possible future right of action or the time within which a possible future claim may be asserted, is illegal." [1]

The better and more modern rule, however, apparently limits the foregoing to contracts the terms of which are unreasonable or to agreements procured under duress. See William H. Muller & Co. v. Swedish Amer. Line Ltd., 224 F.2d 806, 808, 56 A.L.R.2d 295 (2d Cir.), cert. denied, 350 U.S. 903, 76 S.Ct. 182, 100 L. Ed. 793 (1955). See also concurring opinion of L. Hand, J., in Krenger v. Pennsylvania R. Co., 174 F.2d 556, 561 (2d Cir.), cert. denied, 338 U.S. 866, 70 S.Ct. 140, 94 L.Ed. 531 (1949). Defendant does not allege that it entered into the instant contract under duress nor does it suggest any basis for the Court to hold that the provisions thereof are unreasonable.

■■ It is well settled that parties to a contract may agree to resolve all disputes by arbitration and to forego any resort to the courts. Ehrenzweig, Conflict of Laws, §§ 42–43 (1962). There would appear to be no public policy reason, absent a showing of duress or unreasonableness, why they could not likewise agree to submit such disputes for determination to any court of competent jurisdiction selected by one of them.

Defendant agreed to litigate this matter in any court of competent jurisdiction selected by plaintiff, and the Circuit Court of Cook County is that court. Consequently, plaintiff's motion to remand must be granted. An order consistent with the above will be entered.

---

**1.** But cf. Restatement, Conflict of Laws § 617, comment a (1934)