Virgil H. **WILSON**, Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY**, a corporation, Defendant.

**Civ. No. 2618.**

United States District Court
D. Montana,
Great Falls Division.
June 23, 1966.

Hoyt & Bottomly, Great Falls, Mont., for plaintiff.

Cure & Borer, Great Falls, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This action to recover on an insurance policy was commenced in the District Court of Cascade County. Defendant removed it to this court. Plaintiff moved to remand. The elements of federal jurisdiction are present and the case is properly here unless defendant contracted away its right to remove.

The policy reads in part:

\* \* \* The Company agrees \* \* \* that upon request of the Insured or of the Insured's counsel it will voluntarily appear and submit itself to the jurisdiction of any court of the State of the Insured's residence having jurisdiction of the subject matter for the purpose of litigating any dispute that may arise between the Company and the Insured with respect to this Policy;"

Plaintiff contends that this language gave him the right to choose in Montana the forum in which his action on the policy would be tried. Defendant resists this interpretation and says that if the policy waives the right of removal, it is to that extent against public policy and void, and that in any event the defendant would be held to the forum of plaintiff's choice only if requested to appear voluntarily.

■ While the language is not free from doubt, the court is of the opinion that the words "to appear and submit to the jurisdiction of any court \* \* \* for the purpose of litigating any dispute" do place the choice of forum in the insured plaintiff. See General Phoenix Corporation v. Malyon, 88 F.Supp. 502 (S.D.N.Y.1949) and Euzzino v. London & Edinburgh Insurance Company, 228 F.Supp. 431 (N.D.Ill.1964), which reach this conclusion on somewhat similar language, and Hasek v. Certain Lloyd's Underwriters, 228 F.Supp. 754 (W.D.Mo. 1963) seemingly to the contrary.

■ The argument that the contract limiting the right of removal is contrary to public policy has support in *Hasek*, supra, but *Euzzino* and *General Phoenix* are contrary. The contract is not unreasonable, was not a product of duress, and is not void. See Wm. H. Muller & Co. v. Swedish American Lines Ltd., 224 F.2d 806, 808, 56 A.L.R.2d 295 (2d Cir.), cert. denied, 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793 (1955).

■ Did the plaintiff waive his right to choose the forum by bringing the defendant into the state court by summons rather than requesting that the defendant voluntarily appear? It can make little practical difference to defendant whether it voluntarily appears in the forum of plaintiff's choice following a request or whether it appears following a summons. The summons could be considered one method of communicating to defendant a request that it appear. In any event the court does not believe that

plaintiff lost the rights given by the insurance policy by proceeding as he did here.

The motion is granted and the case is hereby remanded to the District Court of Cascade County, Montana.