**The MORGAN DALLAS CORPORATION d/b/a Morgan Portable Building Co., and National Surety Corporation, Petitioners,**

v.

**ORLEANS PARISH SCHOOL BOARD, Respondent.**

**Civ. A. No. 69–1431.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 27, 1969.

Jacob J. Meyer, New Orleans, La., for petitioners.

Patrick M. Reily, New Orleans, La., for respondent.

RUBIN, District Judge:

Petitioners, The Morgan Dallas Corporation (Morgan) and National Surety Corporation (National), removed this action from the Orleans Parish Civil District Court to the United States District Court for the Eastern District of Louisiana. The action was commenced by respondent, the Orleans Parish School Board (the School Board) against Morgan, a Texas corporation having its principal place of business in Texas, and National, a New York corporation having its principal place of business in New York, for damages for breach of contract.

Respondent now seeks remand on the grounds that: the School Board is a state agency and therefore the alter ego of the state; there is no diversity of citizenship because a state is not a citizen for diversity purposes; the petitioners have contractually submitted to the jurisdiction of the state court and

therefore have waived their right to remove; and the removal petition was not filed within thirty days of service upon the defendants.

The motion to remand must be denied; for:

I. The School Board is a "citizen" of Louisiana.

Of course, the School Board is an agency of the State; its action is state action. But since it is also a body corporate, with power to sue and be sued (LSA-R.S. 17:51), to purchase and to hold property (LSA-R.S. 17:81), to sell property (LSA-R.S. 17:87.6), and to make contracts (LSA-R.S. 17:81, 83), it is considered a citizen separate from the state itself for purposes of diversity jurisdiction. Department of Highways of La. v. Morse Bros. and Assoc., 5 Cir. 1954, 211 F.2d 140; Belle Fontaine Towing Co. v. Dept. of Hys., State of La., E.D.La.1967, 271 F.Supp. 60; George A. Fuller Company v. Coastal Plains, Inc., E.D.La.1968, 290 F.Supp. 911; ·C. H. Leavell & Co. v. Board of Comm'rs & Dept. of Hys., State of La., E.D.La.1969, memorandum opinion.

II. The petitioners have not waived the right of removal.

The petitioners did consent to the jurisdiction of the state court and waived any plea of lack of jurisdiction. This prevents the defendants from requiring the plaintiff to sue them in some far distant court. But it is a nonsequitur to conclude that this is a waiver of their right to remove to federal court. Such a waiver cannot be implied. "Waiver of the right of removal is still possible but defendant's intent must be clear and unequivocal." 1A Moore, Federal Practice, ¶ 0.157[9] at 313, and cases cited in n. 16. Even were it express it might be unenforceable as an unreasonable attempt by contract to limit the jurisdiction of federal courts. Hasek v. Certain Lloyd's Underwriters, W.D.Mo.1963, 228 F.Supp. 754 (and cases cited therein, p. 755); General Phoenix Corp. v. Malyon, D.C. N.Y.1949, 88 F.Supp. 502. *Contra*, Wil-

son v. Continental Casualty Company, D.Mont.1966, 255 F.Supp. 622.

III.  Removal was timely.

■  National Surety received a copy of the petition and citation on May 27; the removal proceeding was filed on June 26.  This was within "thirty days after the receipt by the defendant."  28 U.S.C. § 1446(b).  *See also* Hall v. Bowman, E.D.Mo.1959, 171 F.Supp. 454; Mahony v. Witt Ice & Gas Co., W.D. Mo.1955, 131 F.Supp. 564; 1A Moore, Federal Practice, ¶ 0.168[3.–5] at 1231–1235.