**Helen W. ROBERTS, Earl C. Roberts, Bank of Fuquay and E. R. Bain, Trustee for Bank of Fuquay, Plaintiffs,**

v.

**LEXINGTON INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2348.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Sept. 12, 1969.

W. A. Johnson, Lillington, N. C., for plaintiffs.

R. C. Howison, Jr., James M. Kimzey, Joyner, Moore & Howison, Raleigh, N. C., for defendant.

## OPINION

WIDENER, District Judge (by assignment).

This action is a suit on a policy of fire insurance issued by the defendant in favor of the plaintiffs.

Following the fire loss, the plaintiffs filed suit in the General Court of Justice, Superior Court Division, of Harnett County, North Carolina. Defendants filed a petition for removal to this court, and the action is here on plaintiffs' motion to remand to the State court.

The policy contained the following service of suit clause:

"Service of Suit Clause: It is agreed that in the event of the failure of this Company to pay any amount claimed to be due hereunder, this Company, at the request of the Insured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court."

Plaintiffs take the position in their motion that the service of suit clause precluded removal to the United States District Court. In plaintiffs' motion, their position is stated as follows:

"4. That the defendant insurance company had no legal right or authority to petition for the removal of said cause from the Superior Court of Harnett County and that said cause should now be remanded to the Superior Court of Harnett County for trial."

■ Defendants argue that the language in the service of suit clause does not prevent removal because removal is not expressly prohibited. With this contention, the court cannot agree. The language in the clause, " * * * all matters arising hereunder shall be determined in accordance with the law *and practice* of such court," makes plain

the intent to have the matters in dispute determined by the procedure of the North Carolina courts rather than federal procedure. Practice is defined as " * * * those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in." Kring v. Missouri, 107 U.S. 221, 232, 2 S.Ct. 443, 452, 27 L.Ed. 506 (1882).

■ The defendant further contends that if the language of the service of suit clause seeks to prevent removal of the action to the United States District Court then it is invalid. With this contention the court agrees.

The case of Home Insurance Co. of New York v. Morse, 20 Wall. 445, 87 U.S. 445, 22 L.Ed. 365 (1874) is the leading case on the subject and has never been overruled.

In that case, Wisconsin had enacted a statute requiring the insurance company to enter into an agreement that it would not remove suits into the federal courts.

The court held that the statute and agreement were repugnant to the constitution of the United States and the laws in pursuance thereof, and were void. It concisely summarized its decision as follows:

"On this branch of the case the conclusion is this:

"1st. The Constitution of the United States secures to citizens of another State than that in which suit is brought an absolute right to remove their cases into the Federal court, upon compliance with the terms of the act of 1789.

"2d. The statute of Wisconsin is an obstruction to this right, is repugnant to the Constitution of the United States and the laws in pursuance thereof, and is illegal and void.

"3d. The agreement of the insurance company derives no support from an unconstitutional statute and is void, as it would be had no such statute been passed." 87 U.S. 445, 458.

The removal statute, in part, is in the following terms:

"§ 1441. Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The statute is mandatory in that it provides for removal except as otherwise expressly provided by Act of Congress. No exception is provided for acts of the parties by contract or otherwise. The parties must be presumed to have contracted with reference to the statute.

This court is of opinion that the service of suit clause is repugnant to the absolute right of removal provided by 28 U.S.C. § 1441(a).

The *Home Insurance Co.* case has been construed in Security Mutual Life Insurance Co. v. Prewitt, 202 U.S. 246, 26 S.Ct. 619, 50 L.Ed. 1013 (1906) as deciding that an agreement not to remove a cause to the federal court was void "whether made pursuant to a statute of the state providing for such agreement, or in the absence of such statute; * * *" 202 U.S. 246, 252,

26 S.Ct. 619, 621. While *Security Mutual* has been overruled, the quoted language was accepted by the majority and the dissent. The dissent is now the law and is in accord with *Home Insurance Company.* It has been followed as to state action as contrasted with contractual action in Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352 (1922).

The Fourth Circuit in the case of United Fuel Gas Co. v. Columbian Fuel Corp., 165 F.2d 746 (1948), has indicated " * * * that parties cannot by contract oust the federal courts of their statutory jurisdiction, * * *" and in so doing cited the *Home Insurance Company* case.

While the other authorities cited in this case on both sides deal with related subjects,[1] only the following cases are directly on point: General Phoenix Corporation v. Malyon, 88 F.Supp. 502 (S.D., N.Y.1949); Wilson v. Continental Casualty Co., 255 F.Supp. 622 (D.C. Mont.1966); Euzzino v. London and Edinburgh Insurance Co., 228 F.Supp. 431 (D.C., Ill.1964); and Hasek v. Certain Lloyd's Underwriters, 228 F.Supp. 754, 755 (D.C., Mo.1963). All four of these cases construed service of suit clauses with language substantially the same as that here in question. *General Phoenix Corporation, Wilson* and *Euzzino* held

---

1. Cordell v. Brotherhood of Locomotive Firemen and Enginemen, 208 N.C. 632, 182 S.E. 141 (Exhaustion of administrative remedies); Gaither v. Charlotte Motor Car Co., 182 N.C. 498, 109 S.E. 362 (Venue and Jurisdiction); Kelly v. Tremont Lodge, 154 N.C. 97, 69 S.E. 764, 52 L.R.A.,N.S., 823 (Exhaustion of administrative remedies); Wm. H. Muller & Co. v. Swedish American Line, 2 Cir., 224 F.2d 806, 56 A.L.R.2d 295, cert. den. 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793 (Carriage of Goods by Sea Act and Venue); National Equipment Rental, Ltd. v. Sanders, D.C., 271 F.Supp. 756 (Venue); National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (Appointment of agent for service of process); Rhodes v. New York Insurance Co., 197 N.C. 337, 148 S.E. 439 (Statutory prohibition against removal); Skinner v. Gaither Corp., 234 N.C. 385, 67 S.E.2d 267 (Arbitration); Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352 (Statutory prohibition against removal); United Fuel Gas Co. v. Columbian Fuel Corp., 165 F.2d 746 (Arbitration); United States for use and benefit of Air-Con, Inc. v. Al-Con Development Corp., 271 F.2d 904 (Miller Act and Arbitration); United States for Use of Ray Gains, Inc. v. Essential Construction Co., D.C., 261 F.Supp. 715 (Miller Act jurisdiction); Western Union Telegraph Co. v. Frear, D.C., 216 F. 199, aff'd 241 U.S. 329, 36 S.Ct. 563, 60 L.Ed. 1027 (Statutory prohibition against removal); J. T. Williams & Bro. v. Branning Mfg. Co., 154 N.C. 205, 70 S.E. 290, 47 L.R.A., N.S., 337 (Arbitration).

**50**

the clause to be enforceable, while *Hasek* held it to be unenforceable.

It has been urged by plaintiffs that the law as stated in the *Home Insurance Company* case is the old law, is out of date, and that the more modern cases allow contracting with respect to jurisdiction. With the exception of *General Phoenix Corporation, Wilson* and *Euzzino*, no authority has been cited which authorizes contracts which oust the jurisdiction of the courts. The cases cited have dealt with venue, appointment of agents for service of process, and other similar related matters but never the square question which is presented here. The courts in *General Phoenix, Wilson,* and *Euzzino* did not mention or cite the *Home Insurance Company* case in any way.

The fact that an opinion is old does not necessarily mean that it is out of date. For example, Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60, probably has more vitality today than in 1803 when it was decided.

Certain cases cited by the parties allude to the reasonableness of the agreement as the standard by which it should be judged.[2] This court does not reach that point. If the agreement seeks to oust the federal district court of its jurisdiction, and this is the plaintiffs' contention, then it is invalid, and whether or not it is reasonable or unreasonable is of no moment.

Some cases dealing with the subject refer to the superior bargaining position of one party or another as reasons to give effect to the rule that parties cannot by contract oust the courts of their jurisdiction. See Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964). The propensity of the party with the superior bargaining position to contract to oust the courts of their jurisdiction is an impelling reason to follow *Home Insurance Company*. The fact that the insurance company in the instant case was in the superior bargaining position and wrote the contract, puts the shoe on the other foot, but is no reason not to follow the salutary rule of Home Insurance Company of New York v. Morse and the unambiguous language of the removal statute, 28 U.S.C. § 1441(a). If parties to an agreement are allowed, by contract, to oust the courts of their jurisdiction in one instance, they will soon be allowed to do it in another, and the party with the inferior bargaining position will soon find himself without legal remedy and relegated to the hands of various private rather than public tribunals.

An order is this day entered consistent with this opinion.

---

2. Central Contracting Co. v. C. E. Youngdahl and Co., Inc., 418 Pa. 122, 209 A.2d 810; Central Contracting Co. v. Maryland Casualty Co., 3 Cir., 367 F.2d 341; Matthiessen v. National Trailer Convoy, Inc., D.C., 294 F.Supp. 1132; Wm. H. Muller & Co. v. Swedish American Line, 2 Cir., 224 F.2d 806, 56 A.L.R.2d 295;

National Equipment Rental, Ltd. v. Sanders, D.C., 271 F.Supp. 756; National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354; United States for Use of Ray Gains, Inc. v. Essential Construction Co., D.C., 261 F.Supp. 715.