**PERINI CORPORATION et al.,**
**Plaintiffs,**

v.

**ORION INSURANCE CO. Ltd., et al.,**
**Defendants.**

**Civ. No. S–2023.**

United States District Court,
E. D. California.

Sept. 14, 1971.

**454**

Changaris, Trezza, Ithurburn, Keeley & Steidlmayer, Yuba City, Cal., Frank McDowell, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for plaintiffs.

John F. Downey, Joseph S. Genshlea, Downey, Brand, Seymour & Rohwer, Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is an action for breach of an insurance contract brought by the insureds to recover damages in excess of $9 million. Although originally commenced in a state tribunal, it was removed to this Court on the basis of diversity of citizenship. See 28 U.S.C. §§ 1332, 1441. The question now to be decided is whether the following "service of suit" clause in the policy requires the

action to be remanded to the Yuba County Superior Court, where it was first filed:

> "It is agreed that in the event of the failure of the Insurers hereon to pay any amount claimed to be hereunder, the Insurers hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States of America and will comply with all the requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
>
> It is further agreed that service of process in such suit may be made upon:
>
> SYMMERS, FISH and WARNER
> Attorneys
> 37 WALL STREET
> NEW YORK
>
> and that in any suit instituted against any one of them upon this contract, the Insurers will abide by the final decision of such Court or of any Appellate Court, in the event of an appeal."

For several reasons to be discussed, the insurers contend that their obligation under the clause to "submit" to the jurisdiction of any court selected by the insured does not foreclose their right of removal.

## THE ISSUE DEFINED

 The meaning of the service of suit clause is generally clear. It purports to compel the insurer to submit to the forum chosen by a dissatisfied policy holder who sues to recover proceeds owing under the policy. While it does not in terms waive the insurer's right to remove to a federal forum, most courts have nonetheless determined that "submission" to a state forum is a waiver of the insurer's right to defend in federal court.[1] General Phoenix Corp. v. Mal-

---

1. Two cases which defendant cites for the contrary conclusion are unpersuasive. The interpretation placed on the clause

in Hasek v. Certain Lloyd's Underwriters, 228 F.Supp. 755 (W.D.Mo.1963), that the insurer's agreement to submit to a court

yon, 88 F.Supp. 502, 503 (S.D.N.Y. 1949); Euzzino v. London & Edinburgh Ins. Co., 228 F.Supp. 431 (N.D.No.Car. 1969). See also Wilson v. Continental Casualty Co., 255 F.Supp. 622 (Mont. 1966) and Oil Well Service Co. v. Underwriters at Lloyd's London, 302 F.Supp. 384, 385 (C.D.Cal.1969). With the conviction that it should prevail, I adhere to this accepted interpretation.

The author of this policy, Lloyd's of London, has known at least as early as the *General Phoenix* decision in 1949 that the clause prevents removal of state-initiated actions. Confronted wih repeated decisions following *General Phoenix,* Lloyd's and its associated underwriters can hardly claim that this interpretation comes as a surprise. If the courts have misconstrued the clause, Lloyd's has had ample opportunity to invoke the ultimate remedy, the drafter's pen. Until the clause is changed, therefore, the parties are entitled to expect that the clause now means what it has always meant—that "submission" to a state tribunal precludes removal to a federal court.

■■ Although construed to prevent removal, the service of suit clause does not "oust" the Court of its jurisdiction, as the insurers apparently contend. No individual, whether by contract or otherwise, can deprive the Court of the jurisdiction which Congress confers upon it. So fundamental is this concept, in fact, that I am convinced of the Court's authority to hear this very action, despite an agreement apparently forbidding removal. The precept that individuals are powerless to control the Court's jurisdiction, however, should not obscure a competing consideration: whether the Court, *by declining to exercise its juris-*

*diction,* should enforce the agreement to litigate in a forum chosen by the insured. To this issue, not always clearly distinguished from the "ouster" concept, I now turn.

### THE CLAUSE'S LEGALITY

With one exception, most federal courts have enforced service of suit clauses found to be fair and reasonable, thus remanding removed actions to the original state forums. General Phoenix Corp. v. Malyon, Euzzino v. London & Edinburgh Ins. Co., Wilson v. Continental Casualty Co., and Oil Well Service Co. v. Underwriters at Lloyd's London, *supra*; General Electric Co. v. City of Tacoma, 250 F.Supp. 125 (W.D.Wash. 1966). The case of Roberts v. Lexington Ins. Co., 305 F.Supp. 47 (E.D.No. Car.1969), a maverick decision voiding the clause as an "ouster" of jurisdiction, rests upon an unpersuasive rationale. The *Roberts* Court fails to perceive that the service of suit clause, far from ousting it of jurisdiction, merely presents it with a choice: to exercise its power *or* enforce the agreement, if fair and reasonable, to submit to the state forum. Based on what I believe to be an erroneous premise, *Roberts* does not convince me to reject the accepted rule.

In an effort to discredit decisions enforcing service of suit clauses, defendants observe that Muller & Co. v. Swedish American Line, 224 F.2d 806 (2nd Cir. 1955), upon which some of the opinions rely, has been overruled by Indussa Corp. v. S.S. Ranborg, 377 F.2d 200 (2nd Cir. 1967). For at least two reasons, the argument fails to score. First, *Indussa* overruled *Muller* on a narrow ground, that a clause in a maritime contract requiring suit to be brought in

---

of "competent" jurisdiction means only that it does not have to submit to a court "not competent" to hear the cause, is unrealistic. Under a rule too clear to need citation, individuals cannot confer jurisdiction on courts lacking power to hear the controversy. It is doubtful, therefore, that the insurer actually bothered to draft a clause designed to give up a right which

it did not in any event possess. The case of Morgan Dallas Corp. v. Orleans Parish School Board, 302 F.Supp. 1208 (E.D.La.1969), furthermore, offers no support because the court did not set forth the clause upon which it concluded that the right of removal had not been waived.

a particular foreign country conflicts with an overriding provision of the Carriage of Goods by Sea Act which forbids agreements "lessening a carrier's liability."[2] It did not review or disturb the alternate ground in *Muller* that contracts limiting lawsuits to particular courts are valid if reasonable. *Muller's* overruling, therefore, is not a revulsion of the principle that reasonable forum selection clauses are enforceable. Geiger v. Keilani, 270 F.Supp. 761 (E.D. Mich.1967). Furthermore, the first link in the chain of decisions upholding service of suit clauses, General Phoenix Corp. v. Malyon, was forged long before the *Muller* decision and thus stands independently of it.

The decision that service of suit clauses are enforceable falls somewhat within the shadow of Home Ins. Co. v. Morse, 20 Wall. 445, 87 U.S. 445, 22 L.Ed. 365 (1874), a century-old opinion of the Supreme Court declaring in dictum that agreements prohibiting removal are void. The Court's conclusion that such agreements are illegal ousters of federal jurisdiction, however, is unpersuasive under modern removal procedure. In those days, a party wishing to remove an action to a federal court had to present his removal petition to the *state* tribunal, which thus determined whether the agreement deprived the federal court of jurisdiction. If the state court denied removal, the only realistic option was to submit to the state court and hope for a reversal on appeal. Ignoring the state action or litigating in both state and federal courts at the same time, although potential alternatives, were in practice unavailable. See Wright, Law of Federal Courts ¶40.

Notable in the old procedure are two features which perhaps explain the Court's concern with the agreement: (1) the question of the contract's validity lay in the first instance not with the federal court whose jurisdiction was challenged, but with the state tribunal, and (2) the practical effect of a decision upholding the agreement forced the potential federal litigant into state court. Combined with the explicit language of the clause preventing removal, these two features closely approached a true ouster of federal jurisdiction which the Supreme Court naturally condemned. Under today's procedure, by contrast, there can be no jurisdictional ouster, practical or otherwise—the decision to accept jurisdiction or decline it in favor of the agreement remains with the federal court. In my opinion, therefore, it is doubtful that *Home Ins. Co.* itself today proscribes service of suit clauses.[3]

Citing several California cases, defendants finally contend that the service of suit clause is unenforceable under California law. Whether their analysis of the cases is correct I need not decide. To achieve nationwide uniformity, the Supreme Court has ruled that questions concerning removal of cases are to be resolved in light of *federal* law. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941). California's characterization of the clause, therefore, is immaterial.

Enforcing service of suit clauses which are found to be fair and reasonable reaches a good result. It leaves the jurisdictional question where it belongs, with the Court, and prevents the insurer from tantalizing its customers' with promises it later hopes to escape. Furthermore, it does no violence to the "sacredness" of federal jurisdiction; the law is replete with instances in which

2. The *Indussa* decision is consistent with an earlier opinion of mine in United States ex rel. M.G.M. Construction Co. v. Aetna Casualty and Surety Co., 38 F.R.D. 418 (N.D.Cal.N.D.1965) in which I voided a venue-selection clause on the ground that it conflicted with a superseding federal statute.

3. Two of the most notable scholars on federal jurisdiction, Professors Wright and Moore, agree that Home Ins. Co. v. Morse does not prevent a waiver of the right of removal. See Wright, Law of Federal Courts ¶ 38 and 1A Moore's Federal Practice 314 (2nd Ed. 1965).

federal courts, although having jurisdiction, defer to state tribunals. See the dissent in In re Unterweser Reederei GMBH (Zapata Off-Shore Co. v. Bremen), 428 F.2d 888, at 905 (5th Cir. 1970). Finally, it comports with the accepted rule that the right of removal is not absolute, but waivable. See 1A Moore's Federal Practice 311–314 (2nd Ed. 1965).

■ For these reasons, I have concluded that a fair and reasonable service of suit clause may entitle the Court, but does not compel it, to decline jurisdiction. I shall now consider whether the clause should or should not be enforced in this case.

## SHOULD THE CLAUSE BE ENFORCED?

Since the insurers present no facts to show that enforcement of the clause would be unfair or unreasonable, I presume they have none to offer. I shall therefore limit the balance of my discussion to their remaining arguments.

■ Largely for the reasons expressed in Plaintiff's Reply Memorandum, I reject the insurers' contention that their unilateral rescission of the policy relieves them of obligations under the service of suit clause. Common sense, first of all, says that one cannot singlehandedly obliterate contractual obligations without court approval, either in a suit for restitution after rescission or as a defense to a breach of contract action. See California Civil Code § 1692. As plaintiff correctly observes, only after a contract is *finally* rescinded do the obligations cease to exist. Furthermore, remanding the action on the basis of a clause which the state court may find to have been previously rescinded is no more objectionable than assuming jurisdiction only to determine later that the policy is binding and that the service of suit clause, therefore, should have been enforced from the beginning. Finally, enforcing the clause at this preliminary stage of the proceedings hardly constitutes a determination

of the suit's merits, since the underlying question of whether the insurers properly rescinded the policy for concealment and misrepresentation has not been before me.

■ The insurer's final argument, that the service of suit clause does not prevent removal of plaintiff's alternative tort claim for economic loss and punitive damages, rests upon an exceedingly narrow view of the provision. Like plaintiffs, I read the language more broadly: if the insurer reneges on any amount, an action based upon its *failure to pay* may be commenced in a forum selected by the insured. To be sure, the clause does not forbid removal of claims unrelated to the insurer's failure to pay. But the two claims in the instant action were both precipitated by the defendants' repudiation of the policy and contain common factual and legal issues, thus falling easily within the clause's coverage. Sound judicial administration, therefore, demands that both claims be settled at one time in one forum: the Yuba County Superior Court, where the insured originally chose to bring the action.

It is therefore ordered that plaintiff's motion to remand this action to the Yuba County Superior Court be, and the same is, hereby granted, without costs.