471 F.Supp. 1071 (1979)
PUBLIC WATER SUPPLY DISTRICT NO. 1 OF MERCER COUNTY, MISSOURI, Plaintiff-Respondent,
v.
The AMERICAN INSURANCE COMPANY, Defendant-Petitioner.
No. 79-60330CV-SJ.
United States District Court, W. D. Missouri, St. Joseph Division.
June 19, 1979.
Phil Hauck, Trenton, Mo., for plaintiff-respondent.
Robert A. Babcock, Kansas City, Mo., for defendant-petitioner.

MEMORANDUM AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND
JOHN W. OLIVER, Chief Judge.
Plaintiff's motion to remand presents the question of whether the forum selection clause in the Performance and Payment Bond executed by the parties to this case is valid and should be enforced. Plaintiff's motion to remand is based upon the ground that (1) the defendant specifically agreed and contracted "that any legal action filed upon the bond shall be maintained in Mercer County, Missouri" and (2) that the defendant waived its right of removal by agreeing that "venue shall lie in Mercer County, Missouri." It is undisputed that the Performance and Payment Bond upon which plaintiff's action is based contains a clause that provides that ". . . if any legal action be filed upon this bond, venue shall lie in Mercer County, State of Missouri. . . ." Plaintiff relies upon cases such as General Phoenix Corp. v. Malyon (S.D.N.Y.1949) 88 F.Supp. 502, and the progeny of that case.
Defendant does not seriously dispute that the parties did agree that "venue be laid in a specific place" but argues that the forum selection clause involved in this case should be held to be "void as an unreasonable limitation on the federal court's jurisdiction." Defendant places principal reliance upon Hasek v. Certain Lloyd Underwriters (W.D.Mo.1963) 228 F.Supp. 754, a case decided by Judge Gibson when he served this Court as Chief Judge.
We are satisfied that the rationale of The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), requires this Court to decline jurisdiction and *1072 to relegate the parties to the forum in which they agreed to litigate. Plaintiff's motion to remand will therefore be granted for reasons we shall state in further detail.
It is not necessary to discuss all of the cases cited by the parties. Those cases, and others, are cited in the Annotation "Validity of contractual provision limiting place or court in which action may be brought," 56 A.L.R.2d 300. That Annotation was cited by the Supreme Court in support of the following conclusion in The Bremen:
Forum-selection clauses have historically not been favored by American courts. Many courts, federal and state, have declined to enforce such clauses on the ground that they were "contrary to public policy," or that their effect was to "oust the jurisdiction" of the court.[1]
In The Bremen, the Supreme Court accepted what was clearly a minority view and concluded that federal district courts sitting in admiralty should consider forum-selection clauses as "prima facie valid" and that such clauses "should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances." 407 U.S. at 10, 92 S.Ct. at 1913. The Court supported its view as one advanced by noted scholars and adopted by the Restatement of the Conflict of Laws. See Restatement (Second) of the Conflict of Laws, § 80 (1971). The Bremen adopts the basic rationale of cases such as Muller v. Swedish American Line, 224 F.2d 806 (2nd Cir. 1955), cert. den. 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793 (1955). We indicate our agreement with Judge Gibson's citation of that case in Hasek. We believe, however, that the Supreme Court's subsequent decision in The Bremen requires that we read that case as Judge Will read it in Euzzino v. London & Edinburgh Ins. Co., 228 F.Supp. 431 (N.D.Ill.1964), a case in which a motion to remand based on grounds similar to those relied upon in this case was granted.
The rationale of Muller was adopted by the Supreme Court in The Bremen case as is apparent from the fact that Muller was one of the cases establishing the conflict between the Circuits upon which ground certiorari was granted. See 407 U.S. at 2, Fn. 1, 92 S.Ct. 1907.
Muller concluded, we think properly, that "parties by agreement cannot oust a court of jurisdiction." Muller further concluded, however, that "if in the proper exercise of its jurisdiction, by a preliminary ruling the court finds that the agreement is not unreasonable in the setting of the particular case, it may properly decline jurisdiction and relegate a litigant to the forum to which he assented." 224 F.2d at 808.
The Bremen adopted that basic rationale. We do not think that the holding of The Bremen may properly be read as limited to federal district courts sitting in admiralty. Indeed, we are convinced that the principle is applicable to all forum-selection agreements, particularly in light of the express limitation placed upon the century old case of Insurance Co. v. Morse, 20 Wall. (U.S.) 445, 22 L.Ed. 365 (1874). See footnote 10 on page 10 of 407 U.S., on page 1913 of 92 S.Ct., in which the court stated that Insurance Co. must now be properly understood only as a case "in which a state statutory requirement was viewed as imposing an unconstitutional condition on the exercise of the federal right of removal."[2]
*1073 A second reason why we believe that the principles stated in The Bremen are not limited to admiralty cases is the Court's reference to Judge Learned Hand's comment in his concurring opinion in Krenger v. Pennsylvania R. Co., 174 F.2d 556, 560-561 (2 Cir. 1949) (407 U.S. at 10, fn. 10, 92 S.Ct. 1907), and its citation with approval of § 80 of the Restatement (Second) of the Conflict of Laws. (407 U.S. at 11, fn. 13, 92 S.Ct. 1907). Judge Hand noted in his concurring opinion in Krenger that:
[B]e the original reasons good or bad, courts have for long looked with strong disfavor upon contracts by which a party surrenders resort to any forum which was lawfully open to him. . . . In truth, I do not believe that, today at least, there is an absolute taboo against such contracts at all; in the words of the Restatement, they are invalid only when unreasonable; . . .. What remains of the doctrine is apparently no more than a general hostility, which can be overcome, but which nevertheless does persist.
Section 80 of the Restatement (Second) of The Conflict of Laws states:
§ 80. Limitations Imposed by Contract of Parties
The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable.[3]
We are convinced that judicial hostility to forum selection agreements, which Judge Hand, thirty years ago, noted was persistent, like judicial hostility to agreements to arbitrate, see Ehrensweig, Conflicts of Laws (1962), was effectively overcome in The Bremen and that district courts may not properly confine the rationale of that case to admiralty cases.
The defendant does not attempt to make any showing that it entered into the Performance and Payment Bond under duress. Nor does it suggest any reason why the parties' selection of venue in Mercer County, State of Missouri, would be unreasonable. Indeed, the files and records in the case show that the construction contract covered by the Performance and Payment Bond was to be performed in that county.
It would seem obvious that the convenience of the parties and the witnesses would be better served in the State, rather than the federal court. It is also apparent that the removal of this case was based upon this Court's diversity jurisdiction, all of which means that State, rather than federal, law is applicable. We are satisfied that the proper determination of the pending motion to remand requires that we make a preliminary ruling that the forum selection clause in the agreement entered into between the parties is not unreasonable under the circumstances of this case; that this Court should decline jurisdiction; and that it accordingly should relegate the parties to the forum in which they agreed to litigate.
For the reasons stated, it is
ORDERED that plaintiff's motion to remand should be and the same is hereby granted. The Clerk shall enter appropriate orders remanding the case to the Circuit Court of Mercer County, Missouri, from whence it was removed.
NOTES
[1] Judge Wisdom's Fifth Circuit dissent, the rationale of which was adopted by the Supreme Court in The Bremen, put the weight of authority question more graphically in footnote 12 on page 900 of 428 F.2d 888 when he stated:

In 1950 it was said of the few cases that enforced a forum clause, "they stand alone, separate and apart, branded with the malodorous antipathy of a bastard child at a family reunion of bluebloods." Comment, Agreements in Advance Conferring Exclusive Jurisdiction on Foreign Courts, 10 La.L.Rev. 293, 297 (1950).
[2] It is interesting to note that the only case which has followed the Hasek case, upon which defendant relies, Roberts v. Lexington Ins. Co., 305 F.Supp. 47 (E.D.N.Car.1969), placed primary reliance upon Insurance Co., which that court read as invalidating all forum selection clauses. See also Professor Wright's treatment of Insurance Co. in § 38 of Wright's Law of Federal Courts. Professor Moore treats that case in much the same manner in ¶ 0.157[9] in Moores Federal Practice.
[3] The Comment to § 80 states:

Rationale: Private individuals have no power to alter the rules of judicial jurisdiction. They may not by their contract oust a state of any jurisdiction it would otherwise possess. This does not mean that no weight should be accorded a provision in a contract that any action thereon shall be brought only in a particular state. Such a provision represents an attempt by the parties to insure that the action will be brought in a forum that is convenient for them. A court will naturally be reluctant to entertain an action if it considers itself to be an inappropriate forum. And the fact that the action is brought in a state other than that designated in the contract affords ground for holding that the forum is an inappropriate one and that the court in its discretion should refuse to entertain this action. Such a provision, however, will be disregarded if it is the result of overreaching or of the unfair use of unequal bargaining power or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the particular action. On the other hand, the provision will be given effect, and the action dismissed, if to do so would be fair and reasonable.