CAPITAL BANK AND TRUST COMPANY

v.

ASSOCIATED INTERNATIONAL INSURANCE COMPANY.

Civ. A. No. 83–1152–B.

United States District Court, M.D. Louisiana.

Jan. 3, 1984.

Hervin A. Guidry, Victor L. Roy, III, Baton Rouge, La., for plaintiff.

Ernest L. O'Bannon, John C. Tollefson, New Orleans, La., for defendant.

POLOZOLA, District Judge:

This matter is before the Court on motion of the plaintiff, Capital Bank and Trust Company (Capital Bank), to remand this action which was removed from the Nineteenth Judicial District Court for the Parish of East Baton Rouge by the defendant, Associated International Insurance Company (Associated). No oral argument is required on this motion.

This suit arises out of a contract of insurance entered into between the defendant, Associated, and Nickel's Club and Cafe, Incorporated (Nickel's), a restaurant which formerly operated in Baton Rouge, Louisiana. · On January 26, 1983, the building leased by Nickel's was totally destroyed by fire. Pursuant to its insurance contract, policy number FP 030051, Associated paid Nickel's and its mortgagee, Capital Bank, $650,000, which sum represented the policy limits for building coverage under the above-referenced policy. Although a formal demand and proof of loss were submitted, Associated refused to make any payment under the loss of gross earnings coverage of the policy, although the policy provided for up to $200,000 in loss of gross earnings coverage. On April 28, 1983, Nickel's assigned to Capital Bank all of its right, title, and interest in and to the proceeds from the insurance policy resulting from the fire which occurred on January 26, 1983.

On September 22, 1983, the plaintiff filed suit in the Nineteenth Judicial District Court against Associated, seeking judgment in the sum of $200,000. The defendant then removed this action to the United States District Court for the Middle District of Louisiana, on the basis of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332.

Capital Bank is a Louisiana banking association having its principal place of business in Louisiana. Associated is a foreign insurance company incorporated in the state of California and having its principal place of business in the state of California.

Capital Bank filed the pending motion to remand on November 4, 1983. It was properly noticed for hearing on November 18, 1983. Under the Local General Rules for the Middle District of Louisiana, specifically rule 5(B)(3), each party opposing a motion shall deliver a copy of his opposition to the Court no later than noon on the Monday preceding the day of the hearing. Defendant failed to file a timely opposition to plaintiff's motion to remand, although the defendant did file a memorandum in opposition to the plaintiff's motion two days late, on November 16, 1983. Failure to comply with local rule 5(B)(3) may be deemed suffi-

cient cause for granting the motions by default. The Court has, however, elected to consider the issues and authorities presented in the defendant's memorandum in opposition to plaintiff's motion to remand.

The basis for plaintiff's motion to remand is a "Service of Suit" clause found on the last page of the insurance contract in question which provides:

It is agreed that in the event of the failure of the company to pay any amount claimed, to be due, the company at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction.

It is further agreed that service of process in such suit may be made upon the superintendent, commissioner or director of insurance or other officer specified for that purpose by statute, or as the true and lawful attorney for the company. Said officer is authorized to mail such process to the above designated person.

The plaintiff contends that this clause operates as a waiver by defendant to its right to remove this case to federal court. Plaintiff contends that it has chosen a competent forum in the Nineteenth Judicial District Court and that the defendant has agreed to submit to the jurisdiction of the court chosen by the plaintiff. The defendant contends that any such waiver of the right to remove most be clear and unequivocal, and, in the alternative, that construing this clause as a waiver of the right of removal before the filing of suit would result in a contractual ouster of federal jurisdiction, which is illegal and unenforceable.

■ The defendant is correct in stating that the waiver of the right of removal must be clear and unequivocal. *Carpenter v. Illinois Central Gulf Railroad Co.,* 524 F.Supp. 249 (M.D.La.1981); *Morgan Dallas Corporation v. Orleans Parish School Board,* 302 F.Supp. 1208 (E.D.La.1969); 1A Moore, Federal Practice, ¶ 0.157[9] at 152. Associated argues that it only agreed to

submit to personal jurisdiction in any state of the plaintiff's choosing, reserving the right to remove the suit to a federal court. In the earliest case to consider the issue of removal under a service of suit clause, *General Phoenix Corporation v. Malyon,* 88 F.Supp. 502 (S.D.N.Y.1949), the court was faced with a substantially similar clause and with the same arguments presented here. The court rejected the argument that there had been no "clear and unequivocal" waiver of the right to remove, concluding: "[the defendant may have] intended the clause to be merely an agreement to submit to jurisdiction, ..., but it is somewhat of a strain to find such intention, whereas the simple verbiage of the clause supports the plaintiff's view." *Id.,* at 503. This same conclusion was reached by the court in *Euzzino v. London & Edinburgh Insurance Company,* 228 F.Supp. 431 (N.D.Ill.1964). In *Euzzino,* the court analyzed the specific terms in the service of suit clause. The court noted the phrase "at the request of the Assured", and the requirement that the insured would comply "with all requirements necessary to give *such* Court jurisdiction." (emphasis in original). The court concluded that "such Court" was the court of competent jurisdiction chosen by the insured. "Unless all of these provisions are to be deemed mere surplusage, the conclusion is unavoidable that the policy accords to the assured the right to choose the court of competent jurisdiction in which disputes are to be determined." *Id.,* at 433. Both of the phrases discussed in *Euzzino* are present in the service of suit clause in the Associated policy. Similarly, the term "at the request of the Assured" was found to have removed any doubt as to which party the contract gave the choice of forum in *Oil Well Service Company v. Underwriters at Lloyd's of London,* 302 F.Supp. 384 (C.D. Cal.1969).

■ The purpose of the service of suit clause is to allow a dissatisfied policy holder to compel the insurer to submit to the forum of the insured's choice to recover proceeds under the policy. By agreeing to "submit" to a state forum, the defendant

insurer waives the right to defend in federal court. *Perini v. Orion Insurance Company*, 331 F.Supp. 453 (E.D.Cal.1971).

■ In connection with its argument that the insurance contract does not prevent removal, the defendant contends that the service of suit clause which is before the Court does not contain language to the effect that "all matters arising hereunder shall be determined in accordance with the law and practice of such court." The defendant notes that the service of suit clauses in *Perini* and *General Phoenix Corporation* did contain such language, and attempts to distinguish between those cases and the instant case. The defendant is correct in stating that the service of suit clauses in those cases are broader, but the argument that the narrower clause used by Associated keeps open the possibility of removal is without merit. The defendant has failed to make the distinction between a "choice of forum" clause and a "choice of law" clause. In *Perini* and *General Phoenix*, the service of suit clauses not only provide the plaintiff with his choice of forum, but also provide that the law, substantive and procedural, of that forum shall apply. The clause before this Court gives the plaintiff his choice of forum, but leaves it to the forum itself to apply its choice of law rules. Therefore, the chosen forum has the discretion to conclude that its interests in the action were not as great as another state's, and thus, the forum would be free to apply the substantive law of another state. In *Perini* and *General Phoenix*, the insurers gave the insureds the additional concession of being able to choose the substantive law to be applied to their complaint.

■ Additionally, the Court notes that the clause in question appears in a contract of insurance, drafted by the insurer, and is not a contract in which both parties participated in the drafting of its terms. When interpreting the terms of such a contract, the general rule in Louisiana is that doubt should be resolved in favor of the insured and against the insurer. *McDaniels v. Great Atlantic & Pacific Tea Co.*, 602 F.2d 78 (5th Cir.1979); *World Insurance Company v. Pipes*, 255 F.2d 464 (5th Cir.1958).

If there was any doubt as to what the insured understood by the terms of the service of suit clause, it is made clear by this motion to remand. If the insurer desired to reserve the right to remove to federal court after the insured chose the state in which he desired to file suit, the insurer could simply have inserted a clause stating "reserving the insurer's right to remove to Federal court."

■ The defendant's second contention is that, even if the waiver is found to be express, it may be void and unenforceable as an illegal attempt to "oust" the jurisdiction of the federal court. This issue was addressed by the court in *Perini*, supra. In *Perini*, the court found the question presented was not a matter of depriving the court of the jurisdiction conferred by Congress, but rather, it was a case of the court itself electing to decline to exercise its jurisdiction by enforcing the choice of forum terms of the contract. By declining to exercise jurisdiction, the court has not been "ousted" of its jurisdiction, but has decided to enforce the term of the agreement which allows the insured to litigate in the forum of its own choosing.

The only case which has held a service of suit clause to be an unconstitutional or statutorily prohibited limitation of federal jurisdiction is *Roberts v. Lexington Insurance Company*, 305 F.Supp. 47 (E.D.N.C. 1969). The rationale of *Roberts* has been rejected by nearly all other district courts which have considered the question. *Perini*, supra; *Wilson v. Continental Casualty Company*, 255 F.Supp. 622 (Mont.1966); *Euzzino*, supra; and *General Phoenix*, supra. Defendant's reliance on the cases of *Hasek v. Certain Lloyds Underwriters*, 228 F.Supp. 754 (W.D.Mo.1963) and *Morgan Dallas Corporation v. Ouachita Parish School Board*, supra, in this regard is misplaced. Neither *Hasek* nor *Morgan Dallas* found the service of suit clause at issue to be in contravention of constitutional or statutory authority for removal of cases and, thus, illegal or unenforceable. Instead, both courts relied on then-existing principles of contract law which proscribed

such clauses in contracts as being unreasonable. In *Hasek v. Certain Lloyds Underwriters*, supra, at 755 the Court stated: ("parties cannot *unreasonably* by contract limit the jurisdiction of the federal courts to hear cases or controversies," citing the Restatement, Contracts § 558 (1932) (emphasis supplied)). Section 558 of the Restatement of Contracts, relied on by the *Hasek* court, provided:

> A bargain to forego a privilege, that otherwise would exist, to litigate in a Federal Court rather than in a State Court, or in a State Court rather than in a Federal Court, or otherwise to limit unreasonably the tribunal to which resort may be had for the enforcement of a possible future right of action or the time within which a possibly future claim may be asserted, is illegal.

There is no such provision in the Restatement of Contracts, Second. In *Euzzino*, supra, the court rejected § 538's rule, stating:

> The better and more modern rule, however, apparently limits the foregoing to contracts the terms of which are unreasonable or to agreements procured under duress. (citations omitted). Defendant does not allege that it entered into the instant contract under duress nor does it suggest any basis for the Court to hold that the provisions thereof are unreasonable.

This approach was followed in *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069 (S.D.N.Y.1971); *Perini*, supra; and *Wilson v. Continental Casualty Company*, supra. See also, 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721, at 540–541.

The rejection of the "public policy" and "ouster of jurisdiction" arguments has been embraced by the United States Supreme Court in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *The Bremen*, a contract of towage between an American corporation and a foreign corporation provided that in the event of a dispute, the forum would be the courts of England. The lower courts had held that this term was null and against public policy as an ouster of the jurisdiction of the courts of the United States. The Supreme Court held that, in accordance with ancient concepts of freedom of contract, such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. It would be difficult to find in the matter before the Court that the insurer was subjected to undue influence or an "overweening bargaining power" on the part of the insured. Thus, the Court will enforce the terms of the policy and remand this action to the state court, in accordance with the request of the insured.

Therefore:

IT IS ORDERED that the motion of Capital Bank and Trust Company to remand be and it is hereby GRANTED.

IT IS FURTHER ORDERED that this suit be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Judgment shall be entered accordingly.