**James M. LABRY, et al.**

v.

**INTERNAL REVENUE SERVICE, et al.**

**Civil Action No. 96–1653.**

United States District Court,
E.D. Louisiana.

June 6, 1996.

Robert G. Stassi, Chehardy, Sherman, et al., Metairie, LA, for plaintiffs.

John M. Bilheimer, U.S. Dept. of Justice, Tax Division, Washington, DC, Jesse James Marks, U.S. Attorney's Office, New Orleans, LA, for Internal Revenue Service.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the plaintiffs' motion to remand and the defendant's motion to dismiss. For the reasons that follow, the motion to remand is DENIED and the motion to dismiss is GRANTED.

### Background

On April 16, 1996 the plaintiffs, James M. Labry and Cheryl C. Labry, filed a state court rule to show cause why tax liens in favor of the Internal Revenue Service should not be canceled under Louisiana Revised Statute § 9:5166.[1]  On May 7, 1996 the gov-

---

1.  Section 9:5166 allows a party to bring a rule to show cause to determine if a debt has been discharged by a bankruptcy proceeding.  The plaintiff must name the agent with whom the lien is filed—in this case, the Clerk for St. Charles

ernment filed an exception to the rule to show cause.[2] On May 14, 1996 the IRS removed the case to this Court. The plaintiffs now move to remand claiming that only state law issues are presented by their suit. The IRS argues that the United States, rather than the IRS, must be named in the suit and that remand is improper because federal law provides for removal of suits to quiet title brought against the United States. The government also moves to dismiss the claim because of insufficiency of service of process.

## I. Motion to Remand

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). Any ambiguities are construed against removal, *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979), as the removal statute should be strictly construed in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

The plaintiffs sued the IRS and the St. Charles Parish Clerk to quiet title to real property. The IRS, however, has no capacity to be sued. The proper party in this litigation is the United States. *See In re Morrell,* 69 B.R. 147, 149 (N.D.Cal.1986); *cf. Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952) (Congress must authorize suit against an agency *eo nomine* ). The IRS has two tax liens filed in St. Charles Parish against the plaintiffs' property. The plaintiffs moved to cancel the liens under Louisiana law. Louisiana law

also requires that such a suit must be filed against the parish clerk.

To be amenable to suit, the United States must waive its sovereign immunity. *Library of Congress v. Shaw,* 478 U.S. 310, 315, 106 S.Ct. 2957, 2961–62, 92 L.Ed.2d 250 (1986); *United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). The United States has waived its immunity to suits to quiet title. Under 28 U.S.C. § 2410, the plaintiffs can sue the United States under state law to quiet title to property. The plaintiffs can also decide whether to bring the suit in state or federal court. The United States, however, has the right to remove the suit. 28 U.S.C. § 1444 allows the United States to remove any suit brought under Section 2410.[3]

The plaintiffs also argue that the United States waived its right to remove by answering in state court. Waiver of removal, however, must be clear and unequivocal. *Morgan Dallas Corp. v. Orleans Parish School Board,* 302 F.Supp. 1208, 1209 (E.D.La.1969); *see also* 1A Moore, et al., *Moore's Federal Practice* ¶ 0.157[9], pp. 152–53 (2d ed.1996). Answering the complaint does not constitute an explicit waiver of removal rights. *See Gore v. Stenson,* 616 F.Supp. 895, 897 (S.D.Tex.1984). The pleadings do not contain anything that could be construed as a waiver. As such, the case was properly removed to this Court.

## II. Motion to Dismiss

The United States moves to dismiss because of insufficient service of process. The Court has previously determined that the United States is the proper party in this suit. Section 2410 requires service upon the United States Attorney General and the United States Attorney for the district in

Parish. The opposing party must demonstrate why the debt should not be cancelled.

2. The government claimed that service of process was defective because neither the United States Attorney for the Eastern District or the Attorney General of the United States were served. The government also argued that although the plaintiffs were granted a discharge from all dischargeable debts, a creditor can still enforce a prepetition lien on the debtor's property.

3. The government relied on 28 U.S.C. §§ 1441 and 1442 in its removal petition. Although Section 1442 is not applicable, this flaw is not fatal. Section 1441 allows removal of any cause of action for which the district court has original jurisdiction. The United States does not have to rely exclusively on Section 1444 to remove a Section 2410 suit. *Wilkinson v. United States,* 724 F.Supp. 1200 (W.D.N.C.1989).

**150**

which the suit is brought. The plaintiffs have not served either the Attorney General or the regional United States Attorney. Consequently, the United States must be dismissed under Federal Rule of Civil Procedure 12(b)(5).

The Court also finds that the entire suit should be dismissed. Louisiana law requires naming the parish clerk in the suit because the clerk has recorded the lien. The suit, however, cannot proceed without the United States.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is DENIED and that the United States is substituted as a defendant in place of the Internal Revenue Service.

IT IS FURTHER ORDERED that the United States' motion to dismiss is GRANTED and the case is DISMISSED without prejudice.