STANDARD OIL COMPANY, Plaintiff,

v.

STANDARD OIL COMPANY (NEW JERSEY), Standard Oil Company of New Jersey, Esso, Incorporated, Hugh Scott and Francis Sheeran, Defendants.

No. 11407.

United States District Court
E. D. Missouri, E. D.

March 4, 1965.

Coburn, Croft & Kohn, St. Louis, Mo., for Standard Oil Co.

Thos. Rowe Schwarz, St. Louis, Mo., for Humble Oil & Refining Co. and Esso, Inc.

MEREDITH, District Judge.

This matter having come on to be heard on December 4, 1964, on the supplemental bill of plaintiff Standard Oil Company, an Indiana corporation, on the order to show cause issued by this Court pursuant to the prayer of plaintiff, and on the return of Humble Oil and Refining Company (hereinafter called Humble) and Esso, Incorporated, to this Court's order to show cause, and the Court having considered the evidence and being fully advised by briefs and oral arguments, makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. In 1937 this Court, upon suit of Standard Oil Company (Indiana), perpetually enjoined all defendants, including Esso, Incorporated, its agents, servants, representatives, attorneys, and all others acting for, with, through or under it from using the name Esso in fourteen midwest states, including Oklahoma, in connection with petroleum and its products or in the petroleum industry, and from committing any other act or acts calculated to cause confusion or to infringe, injure or damage the rights of plaintiff in and to its trademarks, names and good will. This decree was affirmed by the 8th Circuit Court of Appeals in 1938 (98 F.2d 1).

2. On July 9, 1963, Humble and Esso, Incorporated, the respondents in this case, filed an action in this Court, cause No. 63 C 251, to modify and amend the

original 1937 decree. Esso, Incorporated, is presently a wholly-owned subsidiary of Humble and Humble is the principal United States operating affiliate of Standard Oil Company (New Jersey). Among grounds alleged in cause No. 63 C 251 as to the reason for the modification of the original 1937 decree, the respondents alleged that the Esso trademark has come to be distinctive and unique as identifying the products of Humble; that there is no confusion between the symbol and mark "Esso" and "S O"; that in light of national advertising practices and the use of credit cards, the public is able to distinguish readily the differences between the Standard Oil products marketed in the midwest by the American Oil Company and the products of Humble marketed nationally under the term "Esso".

3. "Esso" is a trademark registered in the United States Patent Office; Humble is the record owner of this trademark.

4. In April 1964 one Wendell H. Sandlin, or a company of which he is the principal owner, Sandlin Oil Service, Inc., an Oklahoma corporation, or both, began using the word "Esso" on the signs and gasoline pumps at stations owned and operated by Sandlin and his company in the State of Oklahoma.

5. On April 24, 1964, Humble filed an action against Sandlin Oil Service, Inc., Sandlin and two other individuals in the United States District Court for the Northern District of Oklahoma, at Tulsa, Oklahoma, Civil Action No. 5946, alleging among other things that by using "Esso" the Sandlin defendants were palming off their products as those of Humble and were deceiving and confusing the public; Humble prayed for an injunction to prevent those defendants from using the name "Esso".

6. On April 28, 1964, the case at Tulsa against the Sandlin defendants was dismissed without prejudice on motion of Humble, which stated that since the filing of the complaint the Sandlin defendants had stopped using the name "Esso" and had removed it from their pumps, signs and places of business. The evidence before this Court shows that the Sandlin defendants had stopped using the name "Esso" at their pumps, signs and places of business and it has not been used since.

7. On April 23, 1964, under the laws of Oklahoma, Sandlin formed a corporation under the name of Esso Oil Company of Oklahoma, Incorporated.

8. On May 1, 1964, Humble brought a second case against Wendell Sandlin, Sandlin Oil Service, Inc., and Esso Oil Company of Oklahoma in the United States District Court for the Western District of Oklahoma, at Oklahoma City, Oklahoma, Civil No. 64–204. This suit prayed for an injunction to prevent the defendants from using the name "Esso".

9. In the case at Oklahoma City against Sandlin and the Esso Oil Company of Oklahoma, Inc., a motion for temporary injunction was filed by Humble. After a hearing on July 2, 1964, a decree of temporary injunction, findings of fact and conclusions of law, which had been prepared by Humble's attorneys, were entered by the Court. The Esso Oil Company of Oklahoma has filed an answer and a counterclaim asserting the right of Esso Oil Company of Oklahoma, Inc., to use the "Esso" name, alleging among other defenses that Humble has no right to the use of the name "Esso" in Oklahoma, by virtue of the 1937 decree of this Court, and Humble has filed its reply. The case is now at issue and ready for trial.

10. A citation for misbranding was issued June 4, 1964, by the State of Oklahoma against Sandlin and after a hearing on September 10, 1964, the matter has been held in suspension by the administrative body before whom it is pending.

11. The fact of incorporation of Esso Oil Company of Oklahoma, Inc., was discovered by Humble's attorneys on April 30, 1964, and the attorneys of Standard Oil Company (Indiana) on May 4, 1964, both after dismissal of the Tulsa suit.

12. Standard Oil Company (Indiana) has taken no action against the Sandlin interests nor has it petitioned the Court in Oklahoma City to intervene in that suit in any way, but instead has filed its supplemental bill in this Court to restrain further action by Humble against Esso Oil Company of Oklahoma, Inc.

13. Mr. Thomas R. Schwarz of St. Louis, Missouri, and Mr. Francis X. Clair of New York City, both of whom are among Humble's attorneys of record in the pending proceedings in this Court, No. 63 C 251, were included among Humble's counsel who drafted or approved the complaints in the case at Tulsa, Oklahoma, and the one at Oklahoma City against the Sandlin defendants, the motion for a preliminary injunction, and the findings, conclusions and decree for preliminary injunction in the Oklahoma City case; they did not sign the complaints nor were they listed as being of counsel, but they did participate in those proceedings.

14. Among the findings of facts and conclusions of law on motion for a preliminary injunction entered in the suit at Oklahoma City, Civil No. 64–204, in which Humble is the plaintiff, are the following:

Findings of Fact No. 20:

"20. Plaintiff's trademark Esso has acquired a secondary significance in Oklahoma."

Conclusions of Law Nos. 4 and 7:

"4. Plaintiff has acquired a valuable property right in the trademark or trade name Esso as it is related to the distribution and sale of petroleum products, including gasoline and lubricating oil, and for present purposes, in the State of Oklahoma in particular."

"7. Traditional notions of limited market area pervading earlier cases dealing with product trademarks are not persuasive in this day of modern communication and travel, and this is even more important in the instant case where the mark is used in connection with sales to the traveling public and there is involved a market which is nationwide, and indeed, worldwide."

15. Among the findings of fact and conclusions of law entered by this Court in this cause 11407 in the year 1937, in which Standard Oil Company (Indiana) was the plaintiff and Standard Oil Company (New Jersey) and Esso, Incorporated, were among the defendants, are the following:

Findings of Fact Nos. 8, 14, 28, 29, 30, 31, 32 and 35:

"8. In the states in which plaintiff operates there are various persons who are aware of the fact that there are several concerns in the petroleum industry known by names which include the words Standard Oil, but in these states the terms 'Standard', 'Standard Oil', 'SO', and 'SOCO' and variants thereof are used by the public to identify the plaintiff and the plaintiff's products."

"14. Continuously, since the dissolution decree in 1911, the various Standard Oil Companies, including plaintiff, have used one or more of the trade-marks 'Standard', 'Standard Oil', 'Standard Oil Company', 'SOCO', 'SO', or abbreviations of such marks or variations of them, exclusively in the territory where each has operated under the name Standard Oil Company and each of said companies has acquired common law rights in marks used by it in the states in which it has used its said trademarks which rights are exclusive of the other companies and each has recognized the rights of each of the others to use said marks exclusively in its own locality. * * * *"

"28. 'Esso' is the spelled out form of 'SO'."

"29. 'Esso' is identical in sound and significance to 'SO'."

"30. 'Esso' is the equivalent of 'SO'."

"31. 'Esso' is confusingly similar to 'SO' and 'SOCO'."

"32. 'Esso' is the equivalent of 'Standard Oil' to many consumers of petroleum products."

"35. Members of the public seeing the word 'Esso' displayed at defendant's stations believe that the products sold there are the products of the plaintiff or of a subsidiary of plaintiff, or of a company connected with plaintiff or selling plaintiff's products; * * *"

Among the conclusions of law found by this Court is the following:

"3. Defendant's use of 'Esso' infringes plaintiff's rights and constitutes unfair competition."

16. The 8th Circuit Court of Appeals, which affirmed the judgment of this Court in its opinion, Esso, Inc., v. Standard Oil Co., 98 F.2d 1 (1938), states in part as follows:

" 'Esso,' when pronounced, is indistinguishable from 'S O.' The initials of the Standard Oil Company are the source from which these marks and brands were derived, and we surmise the value of the brand 'Esso' lies in the fact that it suggests 'Standard Oil.' * * *" (l. c. 5)

"It is argued that defendant is endowed by inheritance or otherwise, with the name 'Standard Oil Company,' and that plaintiff is not entitled to a monopoly of the Standard Oil reputation. The only Standard Oil reputation known to the public in the states mentioned is the reputation of the plaintiff in this suit. There was never any joint ownership or property in the name of the parent company, Standard Oil Company of New Jersey. We are dealing here with the good will incident to the name and brands of the Standard Oil Company in the mentioned states." (l. c. 7)

"The marks are simply words, or letters of the alphabet, not derivative of the product. They have but one meaning, and point to the source of the product. They mean 'Standard Oil,' and 'Standard Oil' in the named states means Standard Oil Company of Indiana." (l. c. 7)

17. The evidence shows that the Court in Oklahoma City was not provided with a copy of the 1937 decree of this Court until after the preliminary injunction had been granted. There is no evidence that it has been furnished a copy of the findings of fact and conclusions of law which were an integral part of the decree. It was provided with the citation of the 8th Circuit Court of Appeals in affirming the decree of this Court. The affidavit of Francis X. Clair, filed with that Court, stated that Humble had been prohibited from using the name "Esso" in fourteen states, including Oklahoma, by the 1937 decree of this Court and that a suit had been filed to modify the decree to permit Humble to use the name Esso in those fourteen states.

18. The District Court of Wyoming prohibited Standard Oil Company of Ohio from using the name and mark "Sohio" in retail marketing operations in the midwest where Standard Oil Company (Indiana) has the exclusive right to use the names and marks "Standard", "Standard Oil", and variants thereof. See Standard Oil Company v. Standard Oil Company, 141 F.Supp. 876 (D.C.Wyo. 1956), aff'd 252 F.2d 65, 76 A.L.R.2d 600 (10th Cir. 1958).

19. On March 21, 1960, attorneys for Standard Oil Company (New Jersey) and Humble met with attorneys representing Standard Oil Company (Ohio) (hereinafter referred to as Sohio) in New York City at the offices of Standard Oil Company (New Jersey). Among the attorneys present for Standard Oil Company (New Jersey) was Francis X. Clair. At this meeting representatives of Standard Oil Company (New Jersey) proposed that Sohio cooperate with them in helping to change the 1937 decree of this Court and the 1956 decree of the District Court in Wyoming. The proposal of Standard Oil Company (New Jersey) was to the effect

that Standard Oil Company (New Jersey) would start a service station in Ohio (where Sohio has the exclusive right to use the name "Standard" and variants thereof) and Sohio would start a service station using "Sohio" in the marketing area where Standard Oil (New Jersey) has the exclusive use of the name "Standard Oil" and variants thereof; that Sohio would sue New Jersey in Sohio territory, New Jersey would counterclaim; that New Jersey would sue Sohio in New Jersey's territory and Sohio would counterclaim; and that the evidence in these cases would tend to show that there is no confusion in the names "Sohio" and "Esso", and that these findings could be used in an attempt to modify the 1937 St. Louis decree and the 1956 Wyoming decree. The second form of the proposal of Standard Oil Company (New Jersey) was that after the filling stations were opened in each other's territory, surveys would be taken and the surveys would show that there was no confusion in the minds of the public and the surveys would be used (without litigating in the other forums) to present as evidence to the Wyoming Court and this Court to change the respective decrees. Sohio rejected the proposal of Standard Oil Company (New Jersey) in both its forms and one of Sohio's attorneys who was present at the meeting testified before this Court as to full details of the proposal.

20. Standard Oil Company (Indiana), the plaintiff in this case, at the time this matter was heard in oral argument, stated that it was willing and ready to take necessary legal action to prevent the use of the name "Esso" in the State of Oklahoma by the Sandlin defendants.

### Conclusions of Law

■ 1. The Court has jurisdiction over the parties and the subject matter by reason of its inherent power to enforce and protect the final judgment and decree entered in this cause in 1937.

2. The decree entered by this Court in this cause in 1937 was a final judgment and is binding both upon respondent Esso, Inc., and Humble.

■ 3. Proceeding, as plaintiff has done, by supplemental bill is an authorized and proper procedure to enforce and prevent violation of an injunctive decree rendered in a final judgment.

■ 4. The findings of fact, conclusions of law and the decree entered by this Court in the 1937 proceedings, and the determination of the Eighth Circuit Court of Appeals are binding on both Esso, Incorporated, and all others acting for, with, through or under it, specifically including Humble.

5. The bringing of the proceedings in the United States District Courts in Tulsa and Oklahoma City, Oklahoma, against Sandlin and Esso Oil Company of Oklahoma, Inc., should be considered in light of the proposal made by Standard Oil Company (New Jersey) and Humble to Sohio at the New York City meeting in 1960.

6. The findings of fact and conclusions of law entered in the Oklahoma City case are directly contrary to the findings of fact and conclusions of law supporting the injunctive decree entered by this Court in 1937. The continuation of the Oklahoma City case will lead to confusion.

7. Filing and prosecuting the suits by Humble in Tulsa and Oklahoma City, Oklahoma, violated the 1937 decree of this Court and the attorneys for Humble and Esso are, or should have been, aware of the confusing result of the Oklahoma proceedings. They should have obtained the permission of this Court before embarking on the proceedings in Oklahoma.

■ 8. This Court has the power to enjoin the violation of its final judgments and by injunction to protect and perpetuate its decrees. Plaintiff, Standard Oil Company (Indiana) is entitled to a decree requiring respondent Humble Oil and Refining Company to be ordered to dismiss the proceedings in the District Court in Oklahoma City either by stipulation with the Sandlin defendants or by permission of the Court, or both.