Gary SOUTH, Plaintiff,

v.

Charles ROWE, et al., Defendants.

No. 78 C 4738.

United States District Court,
N.D. Illinois, E.D.

May 17, 1984.

Seth J. Weinberger, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Charles W. Pulliam, Illinois Dept. of Corrections, Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

In this case, Thomas Radick, currently an inmate in the Sheridan Correctional Center, is seeking the opportunity to enforce a consent decree which a former inmate entered into with defendants. Radick asks this court to extend its jurisdiction beyond the terms of the consent decree and seeks permission to join the case as an additional party; or, in the alternative, through intervention to enforce the terms of the decree. Defendants object to any extension of this court's jurisdiction, to Radick being given the opportunity to enforce the consent decree, and to his being given leave to intervene in this case.

The Background and Issues

In December 1978, Gary South brought suit in this case against defendants seeking to improve conditions that existed in the law library at the Sheridan Correctional Center. He also sought money damages and injunctive relief because of a disciplinary charge and report which had been placed in his record. South was parolled on March 21, 1980; and on December 19, 1980, because of the expiration of his sentence, he was discharged from his commitment to the Illinois Department of Corrections. His lawsuit, however, continued un-

til February 11, 1982, when the parties entered into a settlement agreement. Pursuant to its terms, they agreed to a consent decree which was approved by Judge Joseph Sam Perry.

The decree imposed numerous obligations on defendants with relation to conditions in the law library maintained at the Sheridan Correctional Center. The Starved Rock Library System was to maintain, at a minimum, a legal collection in the law library equivalent to that described by the American Correctional Association/American Library Association (ACA/ALA). The library was to be inventoried and "[i]nmates were entitled to notify the librarian ... of the absence from the library of any material covered by the agreement." (Consent Decree § II) Additionally, the decree stated that access to the library "for inmates in the general population would be provided for no less than 35.5 hours per week ...." (Consent Decree § III) "The Department would provide indigent inmates with materials necessary for the drafting of legal documents" and would also provide typewriters in good working condition. (Consent Decree § IV) Furthermore, the decree provided for specific rules regarding the photocopying of legal materials. (Consent Decree §§ V, VI, VII, VIII, IX) The details of the consent decree were to be posted in a prominent place within the law library at the Sheridan Correctional Center. (Consent Decree § XI) Additionally, it was agreed that defendants would expunge all records relating to an alleged disciplinary charge filed by one of the defendants against the plaintiff, South. (Consent Decree § X) Finally, the decree provided that the "Court would retain for a period of two years jurisdiction over the parties and of the actions for carrying out and enforcing the provisions of this decree." (Consent Decree § XII) At the time the decree was entered, the plaintiff, Gary South, was not an Illinois penitentiary inmate. The settlement agreement provided that defendants would pay South $2,000 in damages and $1,000 in attorney's fees. These sums were paid; records relating to

the alleged disciplinary charge were expunged on September 20, 1982.

By agreement of the parties, the library was to be monitored through periodic visits to the Sheridan Correctional Center by counsel for both parties. However, it now appears that in January 1983, construction began on a permanent library; the then-existing library facilities were transferred to a basement location, formerly a shower room. Radick's attorney alleges that during the move, typewriters were lost, hours were restricted, the library collection was neglected, and provisions of the consent decree were not posted. These allegations are supported by affidavits of Carl Beery, an employee of the Starved Rock Library System, who was assigned to the Sheridan Law Library branch; Caryl Brasile, head librarian of the Matson Public Library, a member library of the Starved Rock Library System; and Radick, now an inmate at Sheridan. In answer to these allegations and the facts asserted in the affidavits, defendants claim that conditions in the law library at Sheridan are in compliance with the provisions of the consent decree. In support of this claim, defendants submit an affidavit by William Cooper, an Institutional Library Services Coordinator at Sheridan, and one by John E. Wright, an Assistant Warden-Program Services, at the Center.

It further appears that in September 1983, Radick's attorney visited the temporary law library facilities. He asserts that defendants' attorney told him the construction of a permanent library would be completed in January 1984; but that in late January 1984, he learned, for the first time, that the permanent library would not be completed until the end of the year. Defendants do not contend otherwise. Based on these facts, Radick has filed a motion to extend the Court's jurisdiction over enforcement of the consent decree beyond the two-year period which would have expired on February 10, 1984. Approximately two weeks later, he submitted a brief in support of his motion in which he also requested that he be added as an additional plain-

tiff, or in the alternative, that he be permitted to intervene in this case.

The motions were refiled on March 16, 1984; they, and defendants' objections to them, present two issues. First, whether this court can extend its jurisdiction beyond the two-year period for enforcement of the consent decree originally agreed to by the parties. Second, whether Thomas Radick should be added to the case as an additional party, or in the alternative, should he be allowed to intervene.

### The Law

Radick contends that the two-year period during which the parties agreed the court can enforce the consent decree should be extended because defendants have failed to comply with the decree. Additionally, he claims that until the new library facility is completed, future compliance with the consent decree is uncertain. Therefore, he seeks to have the court extend its jurisdiction to enforce the decree for an additional two-year period.

Defendants contend that the provision providing the court with jurisdiction to enforce the decree for two years constitutes a binding contract between the parties. They state that the two-year provision was bargained for and agreed to by the parties. Therefore, defendants' contention is that the court cannot enforce the decree beyond the two-year period because of this bargain. It is clear that settled law on this subject does not support defendants' contentions.

■ The cases hold that parties to a lawsuit cannot confer subject matter jurisdiction on a district court or on any other federal tribunal, by agreement. *Weinberger v. Bentex Pharmaceuticals, Inc.*, 412 U.S. 645, 652, 93 S.Ct. 2488, 2493, 37 L.Ed.2d 235 (1973); *United States v. Amore*, 335 F.2d 329 (7th Cir.1964); *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980); *Russell v. United States*, 260 F.Supp. 493 (N.D.Ill.1966). Nor can they bargain away jurisdiction which a court already has. *Perini Corporation v. Orion Insurance Co.*, 331 F.Supp. 453 (E.D.Cal.1971).

*Perini* involved an action for breach of an insurance contract; the suit was originally brought in state court. However, it was later removed to the district court because of diversity of citizenship. This removal was contested on the ground that the policy involved had a provision designed to preclude any case arising under it from being removed to a federal court. 331 F.Supp. at 454–455. In dealing with this provision, Judge MacBride stated that "[n]o individual, whether by contract or otherwise, can deprive the court of the jurisdiction which Congress confers upon it. So fundamental is this concept, in fact, that I am convinced of the Court's authority to hear this very action, despite an agreement forbidding removal." *Id.* at 455. Judge MacBride concluded that "individuals are powerless to control the court's jurisdiction." *Id.*

■ Therefore *Perini* is an example of the rule that parties cannot bargain away a court's jurisdiction. Thus, a provision which purports to extinguish a court's jurisdiction is not valid. *See Newman v. Avco Corporation—Aerospace Structures Division, Nashville, Tennessee*, 451 F.2d 743 (6th Cir.1971); *Public Water Supply District No. 1 of Mercer County, Missouri v. American Insurance Co.*, 471 F.Supp. 1071 (W.D.Mo.1979); *United States v. Aetna Casualty and Surety Co.*, 38 F.R.D. 418, 420 (N.D.Cal.1965).

■ Moreover, it is clear that as part of a court's jurisdiction over a case, it has the power to enforce its judgments and decrees. In *Coffey v. Braddy*, 372 F.Supp. 116 (M.D.Fla.1971), a prospective fireman brought a class action suit under the Civil Rights Act. A consent decree was entered which provided for the hiring of one black firefighter for each white firefighter hired. Subsequent to this decree, a state court enjoined the "one for one hiring" practice because it allegedly violated a state statute which prohibited the maintenance of separate hiring lists on the basis of race. In order to enforce its decree the federal court suspended the state statute and rules derived from it. Additionally, the federal

court enjoined the parties from taking any further action to enforce the state court's order. As justification for its actions in enforcing the consent decree, the federal court stated that "Courts of the United States are empowered by Congress and, moreover, have the inherent power to enter such orders as may be necessary to effectuate their judgments, decrees and orders and to prevent interference with, and obstruction to, their implementation." 376 F.Supp. at 124.

■■■ This basic proposition has been recognized on numerous occasions. In *1st National Credit Corporation v. Von Hake*, 511 F.Supp. 634 (D.Utah 1981), the court stated that:

It is a well-settled principle of law governing the exercise of judicial power that the jurisdiction of a court ... continues through the entry of the court's judgment on the merits, and beyond, until that judgment is executed or otherwise satisfied. As Chief Justice John Marshall said ... "[t]he jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied." Quoting *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 22, 6 L.Ed. 253 (1825).

*See Standard Oil Company v. Standard Oil Company (New Jersey)*, 239 F.Supp. 97 (E.D.Mo.1965) (enforcing the provisions of a final judgment and decree entered twenty-eight years earlier as part of the court's inherent power to enforce its decrees.) *See also, In Re Terrace Superette, Inc.*, 229 F.Supp. 371, 375 (W.D.Wis.1964). Moreover, the court does not have to expressly state its intent to retain jurisdiction over a case in order to assure compliance with its judgment or decree. A court's jurisdiction over a case subsequent to the case's conclusion is assumed. *Central of Georgia Railroad Co. v. United States*, 410 F.Supp. 354, 358 (D.D.C.) *aff'd* 429 U.S. 968, 97 S.Ct. 474, 50 L.Ed.2d 578 (1976). Accordingly, it is clear that this court retains jurisdiction to enforce a consent decree it has entered. Parties cannot bargain away or agree to restrict the court's jurisdiction; any agree-

ment or provision thereof which purports to relieve the court of its jurisdiction is not valid. Therefore, in the case at bar, the provision in the consent decree which, defendants insist, limits the court's jurisdiction to enforce the decree to a period of two years is a nullity. Thus, the court may enforce the consent decree beyond the original period.

■■■ Radick also seeks being added as an additional party to this action because the original plaintiff, Gary South, is no longer an inmate committed to the Illinois Department of Corrections. As has been stated, he is currently an inmate of the Sheridan Correctional Center. Rule 17, Fed.R. Civ.P., states that "[e]very action shall be prosecuted in the name of the real party in interest." Essentially, Radick seeks to be added as a party because he is a third-party beneficiary to the consent decree. Although the decree itself does not specifically state that it is to the benefit of Sheridan inmates other than the original plaintiff, South, it is clear that the intent of both parties was not to restrict the decree's provisions to the named plaintiff. Two important facts point to this conclusion.

First, other than the provision dealing with the expungement of Gary South's records, the decree itself consistently refers to inmates in the plural. Second, the decree was entered into long after Gary South was released from his commitment to the Illinois Department of Corrections. Thus, the decree was intended to benefit all inmates of the Sheridan Correctional Center. A contrary conclusion would be completely inconsistent with its terms and purposes. In fact, if the decree was only to benefit Gary South, it absolutely would serve no purpose.

Therefore, Thomas Radick, being a current inmate of the Sheridan Correctional Center, is a third-party beneficiary of the consent decree. As a third-party beneficiary, he is a real party in interest. He has the right to maintain an action to enforce the terms of the consent decree. *Exercycle of Michigan, Inc. v. Wayson*, 341 F.2d 335 (7th Cir.1965); *Mississippi Valley*

*Structural Steel Co. v. Huber, Hunt & Nichols, Inc.*, 295 F.Supp. 139 (S.D.Ill. 1969). The remaining issue is whether Radick should be permitted to enter the case as an additional party, or be allowed to intervene.

 Courts are allowed a great deal of discretion in determining whether to add an additional party to a case. *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D.Ill.1964). Pursuant to Rule 21 of the Federal Rules of Civil Procedure, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." As it was held in *Helene Curtis Industries v. Sales Affiliates, Inc.*, 105 F.Supp. 886 (S.D. N.Y.), *aff'd* 199 F.2d 732 (2d Cir.1952), a court must consider two factors in determining whether to permit an additional party to be added to a case: (1) the prejudice to the non-moving party which will occur if the party is added and; (2) whether the addition of the party will serve to avoid the multiplicity of lawsuits. *Id.* at 900. Although *Helene Curtis Industries* was a decision under Rule 15, other courts have deemed the same standards of liberality to be applicable to Rule 21. *Soler v. G & U, Inc.*, 86 F.R.D. 524 (S.D.N.Y.1980). Thus, the two-part test set forth in *Helene Curtis Industries* is applicable to determine the propriety of adding a new party, even after entry of final judgment.

Under the facts presented, Radick should be added to the case as a plaintiff. Defendants have not stated anything which would show that the addition of Radick as a party plaintiff would cause them prejudice. Nor is the court able to see how Radick's addition as a third-party plaintiff will prejudice defendants. The terms of the consent decree were fair; maintenance of the prison library and the other provisions allowed to inmates would ordinarily be a part of regular programs within the prison. By agreeing to the consent decree, defendants agreed to nothing more than what already was their duty. Thus, defendants are not prejudiced by the addition of Radick as a party.

Moreover, his addition as a party will avoid the multiplicity of lawsuits. As previously stated, Radick is a real party in interest due to his status as a third-party beneficiary of the consent decree. In any event, he would have the right to file a separate suit to enforce the terms of the decree, *Exercycle of Michigan, Inc. v. Wayson, supra; Mississippi Valley Structural Steel Co. v. Huber, Hunt & Nichols, Inc., supra*. By adding him to the present case, such a separate lawsuit is avoided. Other courts have added parties to a lawsuit after a case has been completed. *See Mullaney v. Anderson*, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952); *Reichenberg v. Nelson*, 310 F.Supp. 248, 251 (D.Neb. 1970); *Rekeweg v. Federal Mutual Insurance Company*, 27 F.R.D. 431, 435 (N.D. Ind.1961); *Harris v. Echols*, 146 F.Supp. 607, 611 (S.D.Ga.1956). However, the addition of a party after the completion of a case is to be permitted in only exceptional cases.

 Even if this court determined that Radick could not be added to the case under Rule 21, he should still be permitted to intervene in the action under Rule 24. "Intervention after entry of a consent decree is reserved for exceptional cases." *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657 (9th Cir.) *cert. denied* 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 134 (1978). However, the court has the power to exercise discretion in order to permit intervention. *Hurd v. Illinois Bell Telephone Co.*, 234 F.2d 942 (7th Cir.1956); *Hodgson v. United Mine Workers*, 473 F.2d 118, 125 (D.C.Cir.1972).

 The basic requirement for a motion to intervene is that the motion be timely. Fed.R.Civ.P. 24, "Denial of intervention for untimeliness lies within the sound discretion of the court...." *Equal Employment Opportunity Commission v. United Airlines, Inc.*, 515 F.2d 946, 949 (7th Cir.1975). Timeliness is to be determined by examining all the existing circumstances; essentially, the totality of the circumstances test. *NAACP v. New York,*

413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). The stage of the proceedings is but one factor in determining timeliness. *Id.* In the case at bar, this factor weighs heavily against the moving party because the decree was entered almost two years prior to his motion. Only enforcement of decree remains of the original lawsuit. However, it should be noted that it is for precisely this reason that Radick seeks intervention. He does not seek to change the terms of the decree, he wants the terms enforced. The courts have set forth four factors which must be considered in determining the appropriateness of a motion to intervene.

First, the length of time the intervenor knew or reasonably should have known of his interest in the case. *EEOC v. United Airlines, Inc., supra; Culbreath v. Dukakis,* 630 F.2d 15 (1st Cir.1980). From the affidavits filed with the motion for intervention, Radick, at the very latest, knew of his rights pursuant to the consent decree as of August 25, 1983. In fact, from the terms of the affidavit, it appears that he knew of his interest much earlier. However, the relevant circumstance is not just the intervenor's knowledge of his rights or interests in the case but when the intervenor became aware that his interests were no longer being protected adequately. *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423, *reh. denied* 434 U.S. 989, 98 S.Ct. 623, 54 L.Ed.2d 485 (1977); *Legal Aid Society of Alameda County v. Dunlop,* 618 F.2d 48 (9th Cir.1980). From the affidavits, this would be late January 1984, at which time plaintiff's attorney claims that he first became aware that construction of the library would not be completed until the end of 1984. At that point, Radick became fully aware that his interests pursuant to the consent decree would not be adequately protected for the near future. The present motions were filed in early February 1984; this period is not unusually long in duration.

The second factor which a court must consider is the harm or prejudice to existing parties. *E.E.O.C. v. United Airlines, Inc., supra; Culbreath v. Dukakis, supra.* The original plaintiff, Gary South, would in no way be harmed or prejudiced by Radick's intervention in this case, for the purpose stated. Gary South is no longer an inmate committed to the Illinois Department of Corrections; at the present, he appears to have no interest in the enforcement, or lack thereof, of the consent decree. Thus, the original plaintiff would not be prejudiced by the intervention. Furthermore, as this court concluded in analyzing Radick's request to be added as an additional party, defendants would suffer no prejudice or harm by Radick's entry into the lawsuit. Defendants agreed to maintain the prison library in a proper manner. This is already a part of their regular duties. No prejudice will be imposed on defendants by the requested intervention; Radick seeks to enforce the decree, not to modify it.

The third factor which a court must consider is the impact on the proposed intervenor's rights should the motion be denied. *E.E.O.C. v. United Airlines, Inc., supra; Culbreath v. Dukakis, supra.* If this motion is denied, Radick may seek to enforce the consent decree as a third-party beneficiary by filing a separate lawsuit. Additionally, he may file a new lawsuit seeking to correct the alleged inequities in the maintenance of the law library. Although both options are viable, in reality they would probably serve little usefulness. In the near future, quite conceivably by the end of 1984, construction in the library will be completed. At that point, the problems now alleged may be remedied. But Radick's complaints arise from the present condition which allegedly exists in the library. By forcing Radick to file a separate lawsuit to cure the alleged inadequacies, the issue may become moot. Therefore, Radick needs the court to examine the alleged inadequacies quickly; they are occurring now, and a future adjudication of these issues will not solve the problem which may presently exist. Thus, by denying Radick's motion, his present rights may be severely harmed. Although the courts try

to work quickly, in this case a separate lawsuit may not conclude quickly enough.

The last factor which a court must consider is the existence of unusual or mitigating circumstances which militate for or against intervention. *N.A.A.C.P. v. New York*, 413 U.S. at 368, 93 S.Ct. at 2604; *Culbreath, supra.* In this case, one obvious factor exists which militates for intervention. That factor is judicial economy. If Radick is permitted to enter this case as a plaintiff, a future lawsuit which would have to determine the rights and obligations which have already been agreed to in the consent decree, can be avoided. Avoidance of a multiplicity of lawsuits is an important factor. In fact, this will not only save time and energy for the plaintiff and the courts, it will also save the resources which defendants would be required to use to defend such a case.

■ Considering this last factor, and the factors previously mentioned, it is clear that Radick's motion for intervention is timely. Moreover, the intervenor's interests and claims in the case have common questions of law and fact; his interests are strongly related to the enforcement of the decree. This court has the power to allow Radick to intervene in the action in order to protect his interests. See, e.g., *Williams v. Frey*, 551 F.2d 932, 935 (3d Cir.1977). (Allowing inmates who were not parties to the original action to intervene in order to protect their interests under a stipulation regarding visiting privileges.)

### The Decision

For these reasons, defendants' objections to Radick's motions are overruled. This court's jurisdiction beyond the terms of the consent decree will be extended; and Radick will be allowed to join this case as an additional party and be treated as an intervenor in order to enforce the terms of the decree. The parties are invited to propose an appropriate order consistent with the views expressed in this memorandum.

So ordered.