**Idris SIDDIQI, Plaintiff,**

v.

**Michael P. LANE, Michael O'Leary and James Greer, Defendants.**

No. 89 C 07948.

United States District Court, N.D. Illinois, E.D.

Sept. 28, 1990.

Idris I. Siddiqi, Menard, Ill., for plaintiff.

Janice Schaffrick, Illinois Atty. General's Office, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Idris Siddiqi, an inmate in the Illinois state prison system, filed this action under 42 U.S.C. § 1983 (1988) against Michael Lane (former director of the Department of Corrections), Michael · O'Leary (former warden of the Stateville Correctional Center), and James Greer (former warden of the Menard Correctional Center). Siddiqi seeks injunctive and declaratory relief for alleged violations of his equal protection and due process rights. Defendants now move for dismissal of three of the complaint's four counts (Counts I, III and IV), and for a more definite statement regarding the remaining count (Count II). For the reasons set forth below, we grant the motion to dismiss.[1]

Siddiqi has been incarcerated in various Illinois correctional centers since at least 1984. In April 1985, following an attempted escape, he was classified a "high escape risk." More than two years later, Siddiqi was hired as a payroll clerk in Stateville's garment shop. On November 2, 1987, O'Leary terminated Siddiqi's employment, ostensibly because of his security classification. Siddiqi alleges, however, that other inmates with similar classifications continued to work in similar jobs. Count I of the complaint maintains that the policy of categorizing inmates into three security classifications (high, moderate, and low escape risk) is discriminatory and a violation of equal protection. It also claims an unfair or inappropriate transfer from one state correctional center to another. Count IV alleges that, although defendants follow an established procedure in promulgating security classifications and issuing transfer orders, an impermissible personal bias is also injected into those calculations.

These equal protection claims must be dismissed. Siddiqi must do more than merely establish a "reasonable probability that he was the victim of an erroneous decision; he [must] establish a reasonable likelihood that state officials had purposefully and intentionally discriminated against him...." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir.1982). This is because the equal protection clause " 'has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers. The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.' " *Id.* (quoting *Brisco v. Kusper*, 435 F.2d 1046, 1052 (7th Cir.1970)). In short, Siddiqi " 'must demonstrate intentional or

---

**1.** Siddiqi's response brief to defendants' motion to dismiss has apparently supplied defendants with sufficient additional information regarding the count which they previously found indefinite and uncertain (Count II); subsequent to the filing of the present motions, defendants filed a motion to dismiss that count as well. That motion will not be addressed in this decision.

purposeful discrimination' to show an equal protection violation." *Id.* (quoting *Bloomenthal v. Lavelle,* 614 F.2d 1139, 1131 (7th Cir.1980) (per curiam)).

Applying *Shango*'s "intentional or purposeful discrimination" test, the Seventh Circuit found no equal protection violation in a case quite like this one. *See Garza v. Miller,* 688 F.2d 480, 488 (7th Cir.1982), *cert. denied,* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). There, the plaintiff inmate failed to substantiate a claim that "prison officials had purposely and intentionally discriminated against him in determining his security classification...." *Id.* What the record did reveal was that the inmate had previously tried to escape and had been convicted of assault on a prison officer in connection with that attempt. *Id.* There could be no equal protection violation, the court said, absent a showing of purposeful or intentional discrimination. *Id.* We dismiss Siddiqi's Count I and IV equal protection claims for want of a similar showing.

■ The unfair transfer portion of Count I must also be dismissed. A "state prisoner may be transferred from one prison in a state to another arbitrarily [and] for no reason at all...." *Shango,* 681 F.2d at 1101.

■ Count III alleges violation of a consent decree issued by a federal district judge in the Southern District of Illinois. *See United States v. Illinois,* No. S–Civ–76–0158 (S.D.Ill. July 25, 1978) (consent decree). The Southern District explicitly retained jurisdiction of that decree "for the purpose of receiving, approving and implementing the Plan and for the purpose of issuing additional orders as may be necessary and appropriate to [its] enforcement[.]" Even without that express retention, jurisdiction remains with a district court to enforce its own consent decree. *Suburban O'Hare Comm'n v. Dole,* 603 F.Supp. 1013, 1026 (N.D.Ill.1985); *see also South v. Rowe,* 102 F.R.D. 152, 156 (N.D. Ill.1984) (" 'the jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied' ") (quoting *Wayman v. South-*

*ard,* 23 U.S. (10 Wheat.) 1, 22, 6 L.Ed. 253 (1825)), *aff'd in part* and *rev'd in part on other grounds,* 759 F.2d 610 (7th Cir.1985). Accordingly, this Court has no jurisdiction over any allegation that certain conduct by the defendants violates a consent decree issued by another federal district court, and we dismiss Count III.

———

For the foregoing reasons, Counts I, III and IV of the complaint are dismissed. It is so ordered.